## FEDERAL DEPOSIT INS. CORP. v. NATIONAL SURETY CORP.

No. 4892.

United States District Court
E. D. Wisconsin.

Dec. 13, 1950.

William F. Trinke, Lake Geneva, Wis., Arthur Wickham, Milwaukee, Wis., John L. Cecil, Federal Deposit Ins. Corp., Washington, D. C., for plaintiff.

J. Gilbert Hardgrove, James P. Brody and Fairchild, Foley & Sammond, Milwaukee, Wis., for defendant.

TEHAN, District Judge.

Plaintiff has brought an action seeking to recover from the defendant a sum of money which plaintiff claims is coming to it under a Banker's Blanket Bond issued by the defendant to plaintiff's assignor. The Banker's Blanket Bond purported to indemnify the Lyons State Bank, plaintiff's assignor, against certain types of losses, including losses caused by the dishonesty of any employee. Plaintiff claims that the Lyons State Bank sustained losses by reason of the dishonesty of a certain employee, John Bedessem, in that he concealed from the board of directors of the bank the fact of making certain loans and in that he made the loans without proper investigation of the security or responsibility of the borrowers.

Defendant has answered, denying its liability under the bond, contending that the directors were aware of the loans in question and that the board of directors had approved the loans, and defendant has denied that John Bedessem acted dishonestly.

Defendant has now moved to make Charles F. Schinke, A. F. Robers, Frank Brickner, Walter F. Huth, Gordon S. Malsch and Frank T. Schuerman parties to this action. These men were directors of the Lyons State Bank during the period in question in this law suit.

It is defendant's position that in this instance the proof will, of necessity, demonstrate that if the loss was within the coverage of the bond, then the directors failed to exercise the ordinary care which is required of bank directors and that for such negligence they are liable to the plaintiff. The defendant claims further that if it must make any payment to the plaintiff under the bond, the defendant will, to that extent, be subrogated to the rights of the plaintiff and that it can thus recover from the directors if it be found that they were negligent. Defendant claims further that it has the right to bring such an action against the directors under the provisions of the "salvage" clause of the bond and that allowing defendant to join the directors in this action will avoid circuity of action. Plaintiff denies that the "salvage" clause of the contract gives the defendant any such right. In the view the court takes of this matter, it will not be necessary to decide this question of construction.

■ Before proceeding to a discussion of the main question, the Court will first dispose of one of plaintiff's grounds for objections to defendant's motion which is that it comes too late in the proceedings. In March 1950 a pre-trial conference was held in this matter. At that time the court was advised that a substantial amount of work had yet to be done before the case could go to trial. Accordingly, the case was not put down on the trial calendar. It appears to the Court that the defendant has proceeded with reasonable dispatch in the preparation of the case and that this motion was made timely.

■ Defendant bases its motion on Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides in part:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

Each of the parties agrees that the granting of such a motion at the present stage of the proceedings rests in the discretion of the Court. We believe such a motion should not be granted if it will prejudice the rights of the plaintiff in the original action and our inquiry goes only to that point.

Counsel for both parties have had considerable opportunity to investigate the

facts of the case, but as is not uncommon, have come to somewhat different conclusions as to what action should now be pressed to promote the best interests of the distressed bank and its creditors. Apparently, the plaintiff, Federal Deposit Insurance Corporation, as assignee of the bank, has concluded either that it had no cause of action against the directors for negligence, or that if such cause did exist, it should not be litigated before or simultaneously with the claim against the defendant bonding company. The defendant, while denying liability under its bond, does not attack the bringing of this bond action as a proper remedy but urges vigorously that plaintiff also press a claim against the directors and that failing so to do, the defendant be granted leave to bring a third-party action against the directors as persons who may be liable both to the plaintiff and to the defendant as their rights appear under the salvage clause of the bond.

The result of granting defendant's motion would be to force upon the plaintiff a trial of a claim which it either does not believe is a valid one or which it believes should be pressed only after the prosecution of this claim which apparently it considers to be its prime remedy.

The defendant bonding company here undertook for a price, and for no other consideration, the obligation of guaranteeing the trustworthiness of the bank's employees. The plaintiff believes that it is entitled to recovery on the bond. The defendant will have full opportunity to defend itself. If the denial of this motion would deprive the defendant of the opportunity of salvaging any loss it might sustain in this action, we would reach a different result. But the defendant, itself, asserts its present right to commence an independent action against the directors, so it cannot successfully claim prejudice in that regard.

The intrusion of the third-party claim in the trial of this action would, in the court's opinion, obscure and confuse the efforts of plaintiff to establish its claim and hence would be substantially prejudicial. In arriving at my conclusions I have given most serious consideration to the wholesome and beneficial purposes attainable in proper cases by Rule 34. I have also reviewed the specific claims of defendant in the matter of expediting litigation, of relieving litigants of substantial expenses, and the court of valuable trial time. I find, however, that these latter considerations, while highly important, are outweighed by the substantial prejudice that would result to plaintiff.

Under the circumstances I feel that the motion should be denied.

Counsel for the plaintiff will bring an order in conformity with this opinion.