### HIGGINS et al. v. SHENANGO POTTERY CO. et al.
### Civ. No. 8432.

United States District Court
W. D. Pennsylvania.
June 26, 1952.

Harold R. Schmidt, Rose, Eichenauer & Rose, Pittsburgh, Pa., for plaintiff.

Lynne A. Warren, New York City, Joseph R. Doherty, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Alice S. Higgins, a stockholder of the Shenango Pottery Company, brought this action on behalf of herself and other stock-

512

holders to require an accounting of profits allegedly diverted from the Shenango Pottery Company to the Castle Engineering Company. The individual defendants are alleged participants in this diversion. Harry Barkby was granted leave to intervene on July 18, 1951. Various motions, some by the plaintiff and some by the defendants, are before us for disposition.

## I.

One of these is plaintiff's motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, 28 U.S.C., to compel James M. Smith, Jr., one of the defendants, to answer certain questions propounded to him by plaintiff's counsel during the taking of his deposition on oral examination. Rule 37(a) provides:

"If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in the district where the deposition is taken for an order compelling an answer."

Defendant Smith's objections to answering the questions propounded to him relate to the scope of permissible examination. This matter is covered by Rule 26(b) which provides that the "deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." Further, this rule provides that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." It is obvious that the scope of discovery contemplated by this rule is very broad. See 2 Barron & Holtzoff, Federal Practice and Procedure (1950 Ed.) § 646 and the cases cited thereunder. In considering plaintiff's motion, therefore, we must determine whether each question which defendant, Smith, refused to answer is relevant to the subject matter of this action, and if relevant, whether the matter is privileged. Questions 2, 3, 4 and 5, as numbered by plaintiff in her motion, are not relevant to the subject matter of this action. All of these questions relate to the motives of the defendant Shenango Pottery Company in defending the action and therefore are not germane to the subject matter of this action. Defendant argues that the remaining questions call for conclusions of law. With this contention we do not agree. They are limited to facts within the knowledge of the defendant and since they are relevant to the subject matter of this action and not privileged, they are proper. Defendant Smith will be directed to answer questions 1, and 6 to 21, inclusive.

## II.

Plaintiff has filed a motion for an order directing counsel for defendants to refrain from dilatory and obstructionist tactics in connection with the taking of oral depositions. Although we have the power to enter such an order, we are not inclined to do so since we are not convinced that defendants' counsel are guilty of the tactics charged in plaintiff's motion. Counsel for both sides have been very active in this case, as is demonstrated by the number of motions before us at this time. They tend to become somewhat vehement and aggressive in pursuing their respective positions. We think that the heat which has arisen as a result of this energy can be brought within tolerable bounds without any assistance from the Court. At any rate, we conclude that there is no necessity for the Court to interfere at this time, and we will, therefore, deny plaintiff's motion.

## III.

Plaintiff moved for leave to file cross-interrogatories after receipt of the

answers of James K. Love to the interrogatories propounded to him by defendants and for an order directing that the cross-interrogatories need not be served on defendants' counsel prior to the taking of the deposition, and that neither counsel, nor any parties to this litigation, nor any other person except the notary public and the deponent, be present during the taking of the deposition. Rule 31(a) prescribes the procedure to be followed in taking depositions of witnesses on written interrogatories and provides:

"A party desiring to take the deposition of any person upon written interrogatories shall serve them upon every other party with a notice stating the name and address of the person who is to answer them and the name or descriptive title and address of the officer before whom the deposition is to be taken. Within 10 days thereafter a party so served may serve cross interrogatories upon the party proposing to take the deposition."

The period within which the cross-interrogatories should be filed was extended by this Court pursuant to plaintiff's motion and within this period plaintiff filed this motion. Subsequent to the hearing on the motion, the deposition of James K. Love was taken on the interrogatories propounded by defendants and the interrogatories and answers thereto have been filed. Consequently, the first portion of plaintiff's motion will be granted. Since the deposition was taken pending a decision of this Court on plaintiff's motion and since plaintiff had no opportunity to file cross-interrogatories prior thereto, we will grant leave to the plaintiff to serve cross-interrogatories within 10 days from the date of the filing of this opinion. We are not disposed to grant the remaining portion of plaintiff's motion. Although Rules 30(b) and 31(d) would seem to give this Court power to do so in an appropriate case, we are not convinced that there is any necessity for the entry of the order plaintiff requests.

## IV.

■ Defendants have filed motions for leave to amend their answer in certain respects. On August 28, 1951, this Court, on plaintiff's motion ordered stricken certain defenses appearing in the original answers filed by defendants. Insofar as the amendments constitute a restatement of those stricken defenses, they will not be permitted for the reasons set forth in the prior opinion in this case. D.C., 1951, 99 F. Supp. 522. Plaintiff does not object to the amendment on any other ground so that any portion of the amendment relating to defenses other than those previously stricken will be permitted.

An examination of the amendments discloses that the proposed amendments to the Fifth Defense, paragraph 6.2 of the Sixth Defense, the Seventh Defense and the Eighth Defense relate to matters already stricken. Therefore, leave will not be granted to file these amendments. However, leave will be granted to defendants to file the proposed amendments to the Second Defense, Fourth Defense and to paragraph 6.1 of the Sixth Defense.

## V.

■ Defendants have petitioned the Court for leave to file answers to the complaint of Harry Barkby, intervenor. On September 18, 1951, pursuant to a stipulation of counsel for all parties, this Court entered an order that the proposed complaint of Harry Barkby, applicant for intervention, filed on August 17, 1950 be filed as the complaint of Harry Barkby, intervenor, with certain minor changes. In the same order, counsel for defendants were given twenty days to file Answers thereto. On October 8, 1951, pursuant to stipulation of counsel, an order was entered by this Court extending defendants' time to answer to October 29, 1951. Nothing further was done in this respect until the present motions were filed on January 10, 1952. Consequently, under Rule 6(b)(2), this Court may only enlarge the time for filing the answer if the failure to act was the result of

excusable neglect. Defendants have not attempted to establish such excusable neglect.

Although this would normally dispose of the matter, it does not do so in this case since plaintiff and intervenor consent to the filing at this late date and consequently waive proof of excusable neglect, and object only to that portion of the answers relating to defenses already stricken in the answers filed to the original complaint. We will, therefore, grant leave to defendants to file certain portions of the answers which we think do not relate to stricken defenses and which, incidentally, will add no new issues to the case other than those already created by the plaintiff's complaint and the answers thereto.

Upon examining the proposed answers, we conclude that the Fifth Defense, paragraph 6.2 of the Sixth Defense, the Seventh Defense, the Eighth Defense and the Ninth Defense relate and are similar to the stricken defenses. Leave will be granted to defendants to file the other portions of the answers.

## VI.

 Finally, defendants have filed a mation requesting leave to join Jonathan Higgins as a third party defendant. The language of the proposed third party complaint is sufficiently broad to encompass both (1) a theory of direct liability to the original plaintiff and the intervenor on the basis of joint and several liability and also (2) a theory of contribution to the original defendants. Rule 14(a)[1], as amended effective March 19, 1948, does not permit the joinder of persons who are or may be liable to the plaintiff directly. See 1 Barron & Holtzoff, Federal Practice and Procedure (1950 Ed.) § 421. Therefore, leave may not be granted on the first theory of liability.

Whether it may be granted on the second is the remaining question. Inasmuch as the theory of contribution is based on the allegation that Jonathan Higgins was a director and officer of Shenango Pottery Company at and during the time of the transactions complained of by plaintiff, and inasmuch as there is no attempt to join other directors similarly situated, we have grave doubts that defendants' motion represents a bona fide attempt to recover contribution. This conclusion is supported by the fact that the only director sought to be joined is the husband of the plaintiff. For this reason leave to file the third party complaint will be denied.

[1]. "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."