Elizabeth C. BUCHHOLZ, Executrix of the Estate of Otto L. Buchholz, deceased, Plaintiff,

v.

MICHIGAN MOTOR FREIGHT LINES, Inc., a Michigan Corporation, Defendant.

No. 15601.

United States District Court
E. D. Michigan, S. D.

Oct. 26, 1956.

Walter A. Mansfield, by David S. DeWitt, Detroit, Mich., for plaintiff.

Davidson, Kaess, Gotshall & Kelly, Detroit, Mich., for defendant.

PICARD, District Judge.

This case presents an interesting question and on which no direct authorities have come to our attention.

### Findings of Fact

Plaintiff, Elizabeth C. Buchholz, executrix of the estate of Otto L. Buchholz, deceased, brings action against Michigan Motor Freight Lines, Inc., defendant, based on an automobile accident resulting in the death of Otto L. Buchholz, allegedly caused by negligence of defendant's driver. Under Rule 14 Fed.Rules Civ. Proc. 28 U.S.C.A., defendant now desires to implead its own driver as a third-party defendant on the theory that said driver "is or may be liable" to it for all or part of plaintiff's claim. Plaintiff objects.

408

It is agreed that the accident, having occurred in Ohio, is governed by Ohio law although defendant has not shown that driver and defendant would, or would not, be considered "joint tort feasors" in that state. In Michigan they would not. In Michigan the theory of "respondeat superior" has been written into the law making the owner of a car liable for injuries negligently inflicted by anyone operating an automobile with knowledge and permission of that owner. We assume, however, that the Ohio law is the same as Michigan's because defendant's brief is written on that assumption.

Other than its mere statement that the driver "is or may be liable to it for all or part of plaintiff's claim against it", defendant neither offers to produce evidence, nor asserts, that it will be required to pay any judgment which plaintiff might receive. On the contrary, plaintiff's counsel has sworn that defendant will never be so required since defendant has already contracted with an insurance company to pay the same whether against it, its driver, or both, and that the policy limit is beyond plaintiff's ad damnum clause. The court has also been advised by defendant's counsel that this is true.

### Conclusions of Law

█ We insert this information because in its brief defendant cites as authorities certain cases in all of which it is held that a master may recover from his servant the amount of loss sustained resulting from servant's tort, "including any sum he (defendant) has been obliged to pay a third person" on account of that negligence. We quite agree with plaintiff that this was the purpose of Rule 14 and that defendant should not be permitted to invoke said Rule if defendant knows it will never suffer any financial loss because of its servant's wrongful act.

We, therefore, reluctantly, question the good faith of defendant in seeking to add its own driver as a third party. Is defendant serious about wanting a judgment against him or is this an effort to prejudice plaintiff's claim before the jury? See Higgins v. Shenango Pottery Co., D.C., 12 F.R.D. 510, 514. In fact, this court might even doubt that defendant, Michigan Motor Freight Lines, Inc., knows what is now being requested in its name by the insurance company.

We rationalize further because this question may become very important in future automobile cases.

Throughout the years Michigan courts have always prevented plaintiff from making it known to the jury that defendant was covered by an insurance company as the real party in interest. In Michigan, as in many states, you may not include the insurance company which will eventually pay the judgment, as a party defendant nor may you mention directly or indirectly that there is an insurance company protecting defendant. Comp.Laws 1948, § 522.33, M.S.A. § 24.-296. Some counsel frequently endeavor to get such information before the jury by devious methods, but courts have been placed on the "alert" and if this fact does creep in and does probably affect the jury's judgment a mistrial order will frequently follow.

In the case at bar defendant seeks to have the driver made a party defendant with the jury apparently under the false impression that the driver—not defendant nor any insurance company—must pay any judgment the jury may render in favor of plaintiff. Whether all juries would see through such a scheme—if such is the intent—this court doesn't profess to know, and, while extremely large verdicts in past cases have undoubtedly prompted a desire of some insurers to "fight back" so to speak, in our opinion, it is just as wrong for defendant to play upon emotions of the jury in this manner as it is for plaintiff to inject the insurance coverage before the jury.

We recognize also that in Michigan the owner, who actually had nothing to do with operation of the car involved in some accident, is really only guilty of passive negligence and although the term "joint tort feasors" has been used rather freely, it is, of course, recognized that the owner is not a real tort feasor unless it can be reasoned that the law of Michigan makes him so. We are also aware that a corporation may act only through its agents.

But we do not deem it necessary to determine here that the owner of a car becomes a "joint tort feasor" under Michigan law when only the negligence of the driver is involved. That question in itself, might be interesting for if the driver and his master are "joint tort feasors" then plaintiff cannot be compelled to accept another or additional defendant. Buckner v. Foster, D.C., 105 F.Supp. 279.

Our concern goes deeper than the above question for if this court were to permit the inclusion of the driver as a third-party defendant, we are mindful of another part of that same Rule 14 providing that such third-party defendant may then proceed

"against any person not a party to the action who is or may be liable to him * * *."

In the case at bar the owner has not only contracted with an insurance company to indemnify it for any monies it might be required to pay plaintiff, but because of its own contract and its liability for the wrongful acts of its servant under Michigan law it has likewise contracted to protect the driver, so that if the insurance company fails to pay any judgment received by plaintiff up to the limit of its policy, then, either or both driver and defendant would have an action against such insurance company. This is that type of contract made for the driver's as well as the owner's benefit and one which either may enforce. Therefore, since, without doubt, the insurance company "is or may be liable to" the driver, wouldn't the driver be permitted to implead the insurance company as a second-third party defendant if he so desired?

Thus the snowball would be started because if the insurance company becomes a third-party defendant then under the same rule ought it not be permitted to bring in the names of all its policy holders (in a mutual company) as third-party defendants on the theory that each might possibly be obligated to contribute to any large judgment received against the insurance company in which each held a policy and for which judgment their company must pay? Certainly there would be many questions asked to learn whether or not prospective jurors were policy holders of that particular insurance company. Then the jury would be made doubly aware that both main defendants were covered by an insurance company which would present a conflict between Rule 14, F.R.C.P. and the Michigan law as enunciated by the courts in Gegan v. Kemp, 302 Mich. 218, 4 N.W.2d 525 and Pitcairn v. Rumsey, D.C., 32 F.Supp. 146.

We make this statement because under the state decisions and statutory law you may not join an insurance company or mention it in any way in an automobile accident case, while, on the contrary, Rule 14, a matter of procedure, provides that such third party may be brought in as a defendant. And the Rule does not except "insurance companies" as such. So in the end the insurance company would be undoing years of effort by our courts to insure that such automobile cases be tried on the merits alone.

Another point.

We are informed that the matter of joining a third-party defendant is permissive—State of Missouri ex rel. and to Use of Ward v. Fidelity & Deposit Co., 8 Cir., 179 F.2d 327, at page 333; Federal Deposit Ins. Corp. v. National Surety Corp., D.C., 13 F.R.D. 201—and if we do have such authority we desire to act on that permissive discretion by denying defendant's petition to add this driver as

third-party defendant. But if we do not have such power and are obliged to permit the inclusion of the driver as third-party defendant, then in the interest of justice, we must order a separate trial on the driver's liability to the main defendant.

■ There is still another reason for not allowing defendant to implead the driver. Rule 14(a) does not permit the joinder of persons who are or may be liable to the plaintiff directly. Higgins v. Shenango Pottery Co. supra, 12 F.R. D. at page 514. Here the driver either is or may be liable to plaintiff.

■ However, chiefly because there is no evidence or claim indicating that defendant would be obliged to pay any judgment which is obtained by plaintiff against it, as anticipated by Rule 14, we hold that Rule 14 does not give it the absolute right to implead the driver. And such inclusion would be substantially prejudicial to plaintiff's claim. Federal Deposit Ins. Corp. v. National Surety Corp., supra. This reason, coupled with others covered by this opinion, prompts this court to deny the petition.