Marcellus C. **LIST, Plaintiff,**

v.

**ROTO-BROIL CORPORATION OF AMERICA and Roto Supply Sales, Defendants.**

**Civ. A. No. 9110.**

United States District Court
M. D. Pennsylvania.
April 29, 1966.

Liverant, Senft & Cohen, York, Pa., for plaintiff.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

Plaintiff, Marcellus C. List, brings this action against Roto-Broil Corporation of America and Roto Supply Sales, defendants, for personal injuries which he sustained in an automobile accident allegedly caused by the negligence of defendants' driver, Kenneth Walters.

Defendants now desire, under Rule 14(a) of the Federal Rules of Civil Procedure, to implead their own driver as a third-party defendant on the theory that said driver "is or may be liable" to them for all or part of plaintiff's claim. Plaintiff objects.

Plaintiff filed with his brief an affidavit indicating that both defendants and defendants' employee, Walters, are protected by the same policy of liability insurance. This has not been denied by defendants. It would therefore seem to follow that any judgment secured would be paid by this insurance company.

There is a considerable divergence of opinion on this matter. However I share with Judge Dimock his conviction against the practice of joining straw-man defendants. Goodhart v. United States Lines Company, 26 F.R.D. 163 (S.D.N.Y. 1960). Whatever reasons may be given in favor of the motion, I do not feel they are of any real substance.

In Buchholz v. Michigan Motor Freight Lines, 19 F.R.D. 407 (E.D.Mich., 1956), in refusing motion to implead, the Court said, inter alia:

"In the case at bar defendant seeks to have the driver made a party defendant with the jury apparently under the false impression that the driver—not defendant nor any insurance company—must pay any judgment the jury may render in favor of plaintiff. Whether all juries would see through such a scheme—if such is the intent—

this court doesn't profess to know, and, while extremely large verdicts in past cases have undoubtedly prompted a desire of some insurers to 'fight back' so to speak, in our opinion, *it is just as wrong for defendant to play upon emotions of the jury in this manner as it is for plaintiff to inject the insurance coverage before the jury.*" (Emphasis supplied.)

Furthermore, Rule 14(a) does not permit the joinder of persons who are or may be liable to plaintiff directly. Higgins et al. v. Shenango Pottery Co. et al., 12 F.R.D. 510, 514 (W.D.Pa., 1952); Buchholz v. Michigan Motor Freight Lines, Inc., 19 F.R.D. 407, 410 (E.D.Mich., 1956). Here the driver either is or may be liable to plaintiff.

Motion will be denied.