FEDERAL ELECTION
COMMISSION, Appellee,

v.

The LAROUCHE CAMPAIGN,
Appellant.

No. 822, Docket 86–6229.

United States Court of Appeals,
Second Circuit.

Argued Feb. 18, 1987.

Decided April 27, 1987.

Robert L. Rossi, Boston, Mass. (Odin P. Anderson, Anderson & Associates, P.C., of counsel), for appellant.

Carol A. Laham, Washington, D.C., (Charles N. Steele, Gen. Counsel, Richard E. Bader, Asst. Gen. Counsel, Federal Election Com'n, Washington, D.C., of counsel), for appellee.

Before KEARSE, VAN GRAAFEILAND and PRATT, Circuit Judges.

PER CURIAM:

In this appeal, The Larouche Campaign, Inc. ("the campaign") challenges the breadth of a subpoena issued by the Federal Election Commission ("FEC") as part of an FEC investigation of the campaign's 1984 conduct in support of the bid of Lyndon Larouche for the Democratic Party's presidential nomination. Because we conclude that the subpoena, even as modified by the district court, is overly broad in an area raising significant first amendment concerns, we affirm enforcement of the subpoena only as further modified herein.

## BACKGROUND

In November 1984 the FEC launched an investigation into the activities of the Larouche presidential campaign. Specifically, the inquiry centered on allegations that the campaign had falsified its records and obtained matching funds from the government by claiming that donations and loans, via credit cards, had been made by individuals who denied making the donations or loans.

Pursuant to this investigation and exercising its subpoena power under 2 U.S.C. § 437d(a)(1) and (3), the FEC in December 1984 issued a subpoena requiring the campaign to produce documents and answer interrogatories. The campaign refused to comply, and in May 1985 the FEC filed an enforcement petition in the district court. The court simultaneously considered the enforcement petition and the campaign's challenge to the investigation itself, and it ruled on both matters on August 26, 1986, rejecting the campaign's effort to enjoin the investigation, *Spannaus v. Federal Election Commission*, 641 F.Supp. 1520 (S.D.N.Y.1986), *aff'd mem.*, 816 F.2d 670 (2d Cir.1987) (Table), and modifying the FEC's subpoena, *Federal Election Commission v. The Larouche Campaign*, 644 F.Supp. 120 (S.D.N.Y.1986). As modified, the subpoena requires production of records pertaining to the solicitation of contributions and loans (including the names of solicitors and those solicited), contributions and loans actually received (including bank records), and all telephone records regarding the campaign's solicitation of funds. The campaign appeals from the district court's order enforcing the modified subpoena.

## DISCUSSION

In ordinary circumstances, the district court's analysis of this case would be entirely unobjectionable. As is nearly always appropriate, the court accorded substantial deference to the administrative subpoena, citing *N.L.R.B. v. North American Van Lines, Inc.*, 611 F.Supp. 760, 763 (N.D.Ind. 1985), and applied the familiar test that enforces such a subpoena so long as it is for a proper purpose, the information sought is relevant to that purpose, and the statutory procedures are observed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964).

However, as the court below recognized, different considerations come into play when a case, as here, implicates first amendment concerns. In that circumstance the usual deference to the administration agency is not appropriate, and protection of the constitutional liberties of the target of the subpoena calls for a more exacting scrutiny of the justification offered by the agency. *Federal Election Commission v. Machinists Non-Partisan Political League*, 655 F.2d 380, 386–88 (D.C.Cir.1981) ("[T]he highly deferential attitude which courts usually apply to ... subpoena enforcement requests ... has no place where political activity and association ... form the subject matter being investigated.").

The district court erred in holding essentially that because the campaign had not made a showing that disclosure of those associated with it was likely to result in reprisals, harrassment, or threats, *NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *Buckley v. Valeo*, 424 U.S. 1, 71, 96 S.Ct. 612, 659, 46 L.Ed.2d 659 (1976); *Brown v. Socialist Workers '74 Campaign Committee*, 459 U.S. 87, 103 S.Ct. 416, 74 L.Ed.2d 250 (1982), the FEC needed only to show the information sought was "relevant to the FEC's investigation." 644 F.Supp. at 123. While it is true that the campaign's failure to make such a record means that the subpoenaed material is not immune from disclosure, the investigation and the subpoena nevertheless tread in an area rife with first amendment associational concerns. When such concerns appear, an administrative agency is not automatically entitled to obtain all material that may in some way be relevant to a proper investigation. Rather, where the disclosure sought will compromise the privacy of individual political associations, and hence risks a chilling of unencumbered associational choices, the agency must make some show-

ing of need for the material sought beyond its mere relevance to a proper investigation.

■ Here, the FEC has failed to make such a showing with regard to the identities of the campaign's solicitors. The focus of the instant investigation is the campaign's suspected use of credit card fraud to obtain loans and contributions that may not have been authorized at all. Investigating such charges surely requires access to the list of contributors, who presumably can tell the FEC whether they did or did not make the claimed donations. But the FEC has not established that once it has access to the list of contributors, it also would have a need to identify the campaign's solicitors that would outweigh the solicitors' first amendment interests. Absent such a showing, the FEC has failed to demonstrate "that there are governmental interests sufficiently important to outweigh the possibility of infringement [of the exercise of the first amendment rights]". *Buckley v. Valeo*, 424 U.S. at 66, 96 S.Ct. at 657.

We do not foreclose the possibility that in some future investigation, or indeed at a future point in this one, the government might be able to show need sufficient to justify compelled disclosure of the names of individuals who solicit contributions for a political campaign. We simply hold that on the facts of this case, at this time, the government has not made such a showing. Thus, the order enforcing compliance with the FEC's subpoena is modified by striking from the subpoena the requirement for disclosure of the names of the campaign's solicitors, and as so modified, affirmed.