Houston, J.
The conduct and scope of discovery is within' the sound discretion of the trial judge. See Solimene v. B. Grauel & Co., 399 Mass. 790, 799 (1987) (citations omitted). Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Mass.R.Civ.P. 26(b)(1). The pending action arises out of the Plaintiffs appeal from the grant of a special permit made by the Somerville Planning Board to Assembly Square Limited Partnership (“ASLP”) for the reconstruction and retenanting of a portion of the Assembly Square Mall as a Home Depot store. ASLP is seeking financial information, including revenues, financial records, and contribution lists, from Mystic View Task Force (“MVTF”), a non-profit organization that is partially funding the lawsuit, and of which Plaintiff Louana Evarts (“Evarts”) is a member.
Disclosure of the identities of an organization’s members or contributors may have a chilling effect on the organization’s contributors as well as on the organization’s activity. See Buckley v. Valeo, 424 U.S. 1, 66-68 (1976); NAACP v. Alabama, 357 U.S. 449, 460 (1958). For this reason, when a litigant seeks information protected by the First Amendment, the litigant must make a showing of need beyond its mere relevance. See e.g., Federal Election Comm’n v. Larouche Campaign, 817 F.2d 233, 234-35 (2d Cir. 1987).
This court finds that the information sought by ASLP does not have a sufficient nexus to the subject matter of the action. The names of all contributors and contribution amounts made to MVTF are irrelevant to the appeal of the Planning Board’s decision, as is information regarding revenues of the organization.[2] On the other hand, the request for information provided to public agencies by MVTF is distinct from the other information being sought here and is discoverable.
ORDER
Accordingly, this court hereby orders ASLP’s subpoena be quashed as to the following items listed on the appendix to the deposition notice for MVTF: (3), (4), (5), (6), (8), (9), (10), and (11); and to the following items listed on Schedule A: (4), (5), (6), (8), (9), (10), and (11). MVTF and/or the officers subpoenaed shall provide the following information to ASLP: (1) information and documents regarding the organization and existence of MVTF; and (2) information and documents filed by MVTF with governmental agencies.[3]

 In other contexts, the federal courts have denied discovery of information regarding who was paying a party’s legal fees. See Bogosian v. Gulf Oil Corp., 337 F.Sup. 1228 (E.D.Pa.1971). Discovery of information regarding the motives of a corporation in defending an action has also been denied. See Higgins v. Shenango Pottery Co., 12 F.R.D. 510 (W.D.Pa.1952).

 As to item (7), if documents concerning any use of MVTF funds and uses thereof to prevent development of the property owned by ASLP in Somerville do not exist as suggested by MVTF, MVTF shall so respond under oath. See MVTF’s Memorandum in Support of the Motion to Quash Subpoenas p. 6 n. 1.