## THOMPSON
### v.
## AMERICAN EXPORT LINES, Inc.

United States District Court
S. D. New York.
Nov. 12, 1953.

Eisenberg & Dembo, New York City,. for plaintiff.

Haight, Deming, Gardner, Poor &. Havens, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff, a seaman, filed a complaint. in a suit under the Jones Act, 46 U.S. C.A. § 688, against defendant, alleging,. that, while in the employ of defendant on its vessel the S.S. Constitution he was injured by the unprovoked assault.

---

upon him by a fellow seaman. The complaint states two causes of action. The first cause of action seeks damages (a) for defendant's alleged negligence "in that it failed, neglected and omitted to promulgate and enforce any or sufficient rules or regulations for the safety of the plaintiff, failed to exercise due restraint and supervision over a fellow seaman who was known to be of vicious and dangerous propensities; failed, neglected and omitted to stop said fellow seaman from using excessive force and violence which resulted in his injuring the plaintiff". The first cause of action also alleges the unseaworthiness of the S.S. Constitution in that "the defendant was further at fault in failing to man the vessel with a competent crew, free from men of known vicious propensities and * * * in failing to promulgate and enforce any or sufficient rules or regulations to prevent the plaintiff from being injured by the aforesaid vicious and dangerous fellow seaman * * *".

The second cause of action is for maintenance and cure.

The defendant's answer denies the aforesaid allegations of the complaint and pleads a complete defense of contributory negligence.

After answering, defendant, pursuant to notice, examined plaintiff upon oral deposition and learned that the assault was committed by a fellow seaman, Reyes, in a dispute over the use of the writing table in the quarters occupied by plaintiff and Reyes on the S.S. Constitution.

Defendant now moves under Fed. Rules Civ.Proc. rule 14(a), 28 U.S.C.A., to implead Reyes as third-party defendant and in a proposed third-party complaint demands judgment over against Reyes for any sums which plaintiff may recover against defendant, which motion plaintiff resists.

Plaintiff has chosen to assert no claim against Reyes. Since, under amended Rule 14(a) defendant can no longer move to implead a third party on the ground that he is or may be liable to plaintiff, this attempt to implead Reyes must fail unless defendant can work out some theory on which the third party might be liable over to it other than by way of contribution, i. e., on a theory of indemnity.[1]

This the defendant has done. Defendant's omission to adequately staff its vessel and guard against Reyes' assault on plaintiff, if such there was, may be found to have been passive and did not ripen into a cause of action in favor of plaintiff until the perpetration of the active tort by Reyes. If it is so found,[2] Reyes became the primary and defendant the secondary tort-feasor. In this light, defendant may look to Reyes for indemnity to the extent that Reyes' wrongful act imposed liability on defendant[3] and on that basis impleader of the servant tortiously causing the master's liability to the injured fellow servant is proper.[4]

In view of the foregoing, no opinion is expressed on defendant's further contention that Reyes agreed to indemnify defendant against liability for his active negligence when he signed the ship's Articles of Agreement.

Motion granted. Settle order.

1. Moore's Fed.Prac., 2d Ed., Vol. 3, par. 14.11, at p. 429.

2. Moore's Fed.Prac., 2d Ed., Vol. 3, par. 14.11, at p. 428.

3. Restatement of Law of Agency, § 401, Comment c, Vol. II, at p. 914.

4. Greenleaf v. Huntingdon & B. T. M. R. & Coal Co., D.C.Pa., 3 F.R.D. 24.