Cecil **CODRINGTON**, Plaintiff,

v.

**UNITED STATES LINES COMPANY,** Defendant.

United States District Court
S. D. New York.

June 25, 1958.

Kenneth Heller, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff, a seaman on the S. S. America, sues defendant, the owner and oper-

ator of the vessel under the Jones Act, 46 U.S.C.A. § 688 for personal injuries suffered in an assault upon him by a fellow crew member. Plaintiff charges that his assailant was. of vicious propensities and that the shipowner was negligent in signing and retaining him with knowledge of his dangerous disposition. It is also alleged that the vessel was rendered unseaworthy by the defendant's failure to furnish crew members who were equal in disposition to the ordinary men of their calling.

The defendant shipowner now moves under Rule 14(a), Fed.Rules Civ.Proc., 28 U.S.C.A., for leave to serve a third party complaint upon the plaintiff's assailant, claiming that he will be liable over to defendant if plaintiff recovers judgment against it. The plaintiff opposes the motion.

The proposed third party complaint contains three causes of action, two based upon alleged breaches of warranty by the assailant, and the third based upon the theory that his was the active tort which caused plaintiff's injuries while the shipowner was, at most, only a passive tort-feasor.

Under the facts alleged in the complaint the possibility cannot be excluded that the assailant may be liable over to the shipowner if the shipowner is found liable to the plaintiff.

Thompson v. American Export Lines, D.C.S.D.N.Y., 15 F.R.D. 125, is in point. In granting a similar motion to implead the assailant in that case the court set forth the applicable rule of law as follows (at page 126):

"* * * Defendant's omission to adequately staff its vessel and guard against Reyes' assault on plaintiff, if such there was, may be found to have been passive and did not ripen into a cause of action in favor of plaintiff until the perpetration of the active tort by Reyes. If it is so found, Reyes became the primary and defendant the secondary tort-feasor. In this light, defendant may look to Reyes for in-

demnity to the extent that Reyes' wrongful act imposed liability on defendant and on that basis impleader of the servant tortiously causing the master's liability to the injured fellow servant is proper."

These principles are clearly applicable to the third cause of action alleged by defendant and third party plaintiff here.

It is therefore unnecessary at this time to pass upon the question of whether, as defendant claims in the first two causes of action in the third party complaint, a seaman, in signing the Articles of Agreement, warrants to his employer that he is equal in disposition to the ordinary man of his calling and that he will perform the work regularly assigned to him in a safe, seaworthy and proper manner.

The motion is granted. Settle order on notice.