Jesus **RODRIGUEZ**, Plaintiff,

v.

**UNITED STATES LINES COMPANY,**
**Defendant.**

George **DE PEZER**, Plaintiff,

v.

**UNITED STATES LINES COMPANY,**
**Defendant.**

United States District Court
S. D. New York.
Jan. 13, 1960.

Sheldon Tabak, New York City, for plaintiff Jesus Rodriguez.

Henry Isaacson, New York City, for plaintiff George DePezer.

Kirlin, Campbell & Keating, New York City, for defendant, Matthew L. Danahar, and James H. Reidy, New York City, of counsel.

HERLANDS, District Judge.

The Court: The motions for a reargument in the above-entitled cases are granted.

Both actions are by seamen against the shipowner, under the Jones Act, 46 U.S.C.A. § 688, and the general maritime law, for injuries sustained as a result of assaults by fellow crew members.

The theory of liability is well established. See Di Salvo v. Cunard Steamship Co., D.C.S.D.N.Y.1959, 171 F.Supp. 813, 825.

In both cases the defendant shipowner seeks to implead the attacking seamen, Fed.Rules Civ.Proc. rule 14(a), 28 U.S.C.A.

The motions were originally denied because it appeared that impleading the assailant might unduly confuse and prejudice the plaintiff's case against the shipowner.

Upon reconsideration and particularly in view of Codrington v. United States Lines Co., D.C.S.D.N.Y.1958, 168 F.Supp. 261; and Thompson v. American Export Lines, Inc., D.C.S.D.N.Y.1953, 15 F.R.D. 125, the Court now adopts the view that the alleged assailants should be brought in.

Motions to implead the assaulting crew members are becoming quite frequent in this type of litigation. In the cited cases, two of my brethren have granted such motions. Their opinions do not refer explicitly to the problem of confusion or prejudice, though it is safe to assume that it was considered.

Sound judicial administration suggests that, in the absence of convincing counter-arguments, it would be desirable to maintain a uniform approach and consistent answer to motions such as those at bar. The possibility of confusion or prejudice herein does not outweigh that consideration.

Accordingly, the motions for reargument are granted; and, upon such reargument, the motions to permit impleader are granted.

This opinion constitutes an order.