**STATES STEAMSHIP COMPANY, a corporation, Libelant,**

v.

**Thomas HOWARD, Respondent.**
**Civil No. 41-59. In Admiralty.**

United States District Court
District of Oregon.
Jan. 19, 1960.

Wood, Matthiessen, Wood & Tatum, John R. Brooke, Portland, Or., for libelant.

Krause, Lindsay, Nahstoll & Kennedy, Jack L. Kennedy, Portland, Or., for respondent.

EAST, District Judge.

This matter in admiralty came on for trial, and the Court having heard the testimony and evidence adduced and not being advised in the premises, took this matter under advisement. The Court now having considered the facts and the law of the matter, enters the following opinion.

It is agreed that on or about May 30, 1957, Thomas Howard (Howard) and Jack C. Hunt (Hunt) signed Articles of Engagement with the libelant (States) for services as second mate and third mate, respectively, on the SS Arizona, a vessel owned and operated by States, for a voyage to the Far East and back to the United States; that on or about July 27, 1957, while Howard and Hunt were still serving in their respective capacities aboard said vessel under the aforesaid Articles of Engagement, and while the said vessel was lying upon navigable waters within the Port of Seattle, State of Washington, Howard and Hunt were involved in an altercation with each other;

On or about March 11, 1958, Hunt commenced an action against States in the Circuit Court of the State of Oregon for Multnomah County for the recovery of damages by reason of alleged personal injuries sustained in said altercation, praying for $40,000 general damages, together with unspecified amount special damages; that by letter of October 24, 1958, counsel for States purportedly tendered the defense of Hunt's suit unto Howard; however, Howard did not enter upon or otherwise defend said cause, although there is evidence that he held himself amenable to a subpoena to testify as a witness at the trial of said cause;

That on the threshold of the trial of said cause, States settled Hunt's action in the sum of $6500.00. States contends that in connection with the aforesaid state action and the settlement thereof, it incurred reasonable attorney's fees and expenses in the aggregate amount of $1,395.68.

In this proceeding, States seeks to recover indemnity for its losses aforesaid over and against Howard upon two theories:

(1) That Howard was the instigator and aggressor of an unwarranted or unprovoked assault and attack upon his fellow crewman, Hunt, all occasioned by reason of the dangerous and vicious propensities of Howard, his belligerent nature, and his failure to be equal in disposition to ordinary officers following the calling of the sea. Therefore, the unseaworthiness of the vessel was occasioned

by the active negligence and conduct of Howard, and the negligence, if any, of States was passive.

(2) That Howard's aforesaid attack and assault upon Hunt was a breach of his warranties covered by and incident to his signing Articles of Engagement as second mate upon said vessel.

This Court is satisfied from a preponderance of all of the evidence in the case that, while the said vessel was moored at a dock in Seattle, and during the night before and the morning (prior to approximately 11:30 a. m.) of the attack, Howard had been consuming intoxicating liquors to excess and that during the several hours before the attack he several times entered Hunt's stateroom uninvited and was obnoxious due to his intoxication which augmented his unfriendly and uncooperative prior attitudes toward Hunt. That moments before the initial attack, Howard again entered Hunt's stateroom uninvited at a time when Hunt was washing and cleaning his person prior to going ashore, and without provocation or cause viciously struck Hunt in the face. Thereafter, Hunt did exchange blows in defense of himself and overcame Howard. Forthwith, the master of the vessel ordered Howard to leave the ship and caused an entry to be made in the official log of the ship, to the effect that Howard had attacked his fellow crewman, Hunt. It is conclusive that during that day or the next day the Coast Guard officials of the United States of America filed charges against Howard on account of his un-

warranted and wrongful conduct aforesaid, to which charges Howard entered a plea of guilty and received disciplinary action by a Court of Inquiry.

This Court is satisfied that under the authorities the vicious, unprovoked and unwarranted attack by Howard upon his fellow crewman Hunt rendered the vessel to be unseaworthy so far as the safety and freedom from personal injury of Hunt was concerned. Further, that the aforesaid unseaworthiness of the vessel was directly caused by the aforesaid acts and conduct of Howard in his attack upon Hunt, and generally the active negligence of Howard.

██  It follows, therefore, under the doctrine of Thompson v. American Export Lines, Inc., D.C., 15 F.R.D. 125, 1953 A.M.C. 2107, cited in Codrington v. United States Lines Co., D.C., 168 F. Supp. 261, 1958 A.M.C. 2233, that States' fault, if any, in connection with injuries to Hunt, *was passive*—lack of protection; while that of Howard, the assaulting seaman, *was active*, and that therefore, under the Federal Civil Rules, rule 14(a), 28 U.S.C.A., States was secondly liable for its passive tort and may seek indemnity from Howard as a third party, primarily liable, for his active tort. This ruling, of course, merely follows the common-law rule that "a private employer, * * * has a common-law right of indemnity against an employee whose negligence has made the employer liable".[1]

The Court feels there is considerable merit to States' theory of a breach of warranty on the part of Howard; how-

---

1. Proctor for the respondent cited to the Court United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 696, 98 L.Ed. 898, 1954 A.M.C. 1083, for the proposition that indemnity over the matter not be allowed to an employer against his employee. A reading of this case indicates that the same is not in point, as the Court was dealing with an action by the United States against a governmental employee whose negligent operation of a Government-owned vehicle placed liability upon the United States under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The Supreme Court of the United States, through Mr. Justice Douglas, pointed out that the Government's liability in the case was by reason of the Tort Claims Act and not through any common-law remedy against it. That seeking indemnity against a Government employee was a matter of discipline, and raised questions of inter-employee relationship among the various agencies and departments of the Government which should be dealt with by Congress and in the Courts. Thereupon, the Court refused to write in the above-mentioned common-law right of indemnity on the part of an employer into the Tort Claims Act.

ever, having found Howard liable unto States on other grounds, this Court will express no opinion on States' contention that Howard impliedly warranted: (1) his fitness as a second mate; and (2) not to be negligent so as to place liability upon States when he signed the ship's Articles of Engagement.

As to the query as to the reasonableness of States' settlement with Hunt in the amount of $6500.00, the Court, after having considered the testimony and read the deposition of Hunt taken on April 7, 1959, has some reservations as to the seriousness of Hunt's resulting injuries; however, it is apparent that States, through its counsel in the state action, correctly analyzed and adopted the theory of States' liability to Hunt on account of his injuries by reason of the unseaworthiness of its vessel, all caused through the second mate Howard.

As stated, the settlement was made at the threshold of the trial, and the testimony discloses that the plaintiff Hunt and the defendant States were each represented by outstanding counsel, respectively, and this Court accepts the decision on the part of States of settlement of the matter for the amount of $6500.00 as the exercise of judgment on the part of its counsel. The evidence is devoid of any collusion or any bad faith on the part of any person connected with the aforesaid settlement, and this Court adopts the same as a reasonable and fair settlement under all the facts and circumstances therein confronted by States.

The Court is not prepared on the present record to make a conclusion as to the reasonableness of the claimed attorney's fees and expenses in the aggregate amount of $1,395.68 aforesaid, and therefore reserves the question for stipulation between the parties or further hearing and testimony thereon.

As to the primary question concerning indemnity over and against Howard, the Court concludes that States is entitled to have and recover of and from Howard the sum of $6500.00 as indemnity of its liability and loss on account of the claim of Hunt. Proctor for States is requested to submit appropriate findings, conclusions and decree as to the issue of indemnity, leaving the amount of attorney's fees and expenses incurred in connection with the defense of the state action in blank pending further disposition of the reserved issue.