Isidore **GOODHART**, Plaintiff,

v.

**UNITED STATES LINES COMPANY**, Defendant.

United States District Court
S. D. New York.
Nov. 28, 1960.

**164**

Samuel Brill, New York City, for plaintiff; Sidney Schiffman, New York City, of counsel.

Galli, Terhune, Gibbons & Mulvehill, New York City, for defendant; Edmund J. Fanning, New York City, of counsel.

DIMOCK, District Judge.

This is a motion by defendant to implead a third party defendant pursuant to Rule 14(a), F.R.Civ.P.

Plaintiff, a truck driver, sues for personal injuries which he allegedly sustained while crates were being loaded unto his truck from a hi-lo operated by defendant's employee. The loading was performed on a pier leased to defendant. Plaintiff alleges in his complaint that defendant is liable by reason of negligent operation of the hi-lo, negligent placement and support of the load of crates, and negligent failure to take proper measures to guard against the occurrence. Defendant's proposed third party complaint is against the operator of the hi-lo and is based on the operator's duty to indemnify defendant if defendant is held liable because of the primary or active negligence of the operator.

I feel safe in taking judicial notice of the fact that the operator of a hi-lo will not be financially able to indemnify defendant to any substantial extent. Defendant must have some other reason or reasons for seeking impleader. One of those reasons is that jurors will likely render a smaller verdict if they are required to find that an individual employee of defendant is ultimately responsible for its payment. Another is that the interest of the hi-lo operator in a verdict for his employer will be heightened. As a practical matter I think that those reasons are sound in the sense that impleader of the hi-lo operator is likely to have just those results. The question is whether, in my discretion, I ought to allow defendant to seek those results.

In seeking the first result defendant, in effect, asks me to give it the advantage of the chance that the jury will proceed upon a false supposition that the hi-lo operator will pay the judgment. In seeking the second result defendant, in effect, asks me to help him threaten the hi-lo operator with the necessity of going through bankruptcy unless he testifies favorably to defendant. Neither of these pleas recommends itself to the court as a subject for exercise of the court's discretion. Such legitimate claim as defendant may have against the hi-lo operator is amply protected by defendant's right to bring a separate suit.

I recognize that three earlier decisions in this district * have gone the other way, the third expressly proceeding on the ground of the desirability of maintaining a uniform approach and consistent answer to such motions. Much as I would like to keep in step with my brethren my conviction against the practice of joining straw-man defendants is so strong that I feel that a precedent following that conviction ought to be re-

* Rodriguez v. United States Lines Co., D. C.S.D.N.Y., 181 F.Supp. 95; Codrington v. United States Lines Co., D.C.S.D.N.Y., 168 F.Supp. 261; Thompson v. American Export Lines, Inc., D.C.S.D.N.Y., 15 F.R.D. 125. But see Buchholz v. Michigan Motor Freight Lines, Inc., D.C.E.D. Mich., 19 F.R.D. 407.

corded before the present trend becomes ingrained.

Motion denied.

So ordered.