**Eric E. SMITH, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC., Defendant.**

United States District Court
S. D. New York.
Oct. 18, 1962.

**240**

Paul C. Matthews, New York City, for plaintiff.

Burlingham, Underwood, Barron, Wright & White, New York City, William M. Kimball, New York City, of counsel, for defendant.

TYLER, District Judge.

This is an action brought pursuant to the Jones Act and general maritime law for injuries sustained as the result of an assault by a fellow crew-member. Defendant moves under Rule 14(a), F.R. Civ.P., 28 U.S.C.A., to join the alleged assailant, who is no longer in its employ, as third-party defendant.

Plaintiff opposes the motion upon the generally asserted grounds that the alleged assailant is impecunious, that impleading him can serve only to delay the trial, presently set down as No. 1037 on the Trial Calendar, and that such impleader is sought in order to "pressure" the claimed assailant to testify more favorably on behalf of defendant.

As was noted by this court in considering such a motion by defendant in another Jones Act case wherein plaintiff sought damages for assault by a crew-member, "Motions to implead the assaulting crew members are becoming quite frequent in this type of litigation." Rodriguez v. United States Lines Company, 181 F.Supp. 95, 96 (S.D.N.Y.1960). Adverting to two prior decisions of this court which granted a Rule 14(a) motion in these circumstances, Codrington v. United States Lines Co., 168 F.Supp. 261 (S.D.N.Y.1958) and Thompson v. American Export Lines, Inc., 15 F.R.D. 125 (S.D.N.Y.1953), the court further remarked:

> "Sound judicial administration suggests that, in the absence of convincing counter-arguments, it would be desirable to maintain a uniform approach and consistent answer to motions such as those at bar. The possibility of confusion and prejudice herein does not outweigh that consideration." Id., 181 F.Supp. at 96.

In the case at bar, plaintiff presents no evidence of special circumstances raising the possibility of prejudice. Nor does he support, with evidence or substantive allegations, his general assertion that "I am sure that the defendant has no real expectation of ever collecting a judgment from the assailant * * *." (Matthews' Affidavit, p. 1.) The relative solvency of an individual is not, in these circumstances at least, proper matter for judicial notice of fact. 5 Moore Federal Practice § 43.09; contra, Goodhart v. United States Lines Company, 26 F.R.D. 163, 164 (S.D.N.Y.1960) ["I feel safe in taking judicial notice of the fact that the operator of a hi-lo will not be financially able to indemnify defendant to any substantial extent."]

I choose to follow the rule enunciated in Rodriguez as discussed hereinabove. In the absence of a special showing of potential prejudice, fortified, perhaps, by definite proof that the proposed third-party defendant is impecunious,

the better practice would be to permit the joinder of the third-party defendant.

Plaintiff makes the additional argument that this litigation may be delayed by the addition of a third party because of uncertainty as to when or where he may be served and his probable assertion, after service, of the right to time in which to prepare his case.

But plaintiff is not without an alternative remedy in this regard. Under Rule 42(b), F.R.Civ.P., the court has broad power "* * * in furtherance of convenience * * * [to] order a separate trial of any claim * * * or third-party claim * * * or issues." Plaintiff is free to move the court for relief under Rule 42(b) at such time as the addition herein of the third-party defendant may appear to warrant it.

Defendant's motion is granted. Settle order on notice.