[Civ. No. 20714.   First Dist., Div. Two.   Mar. 18, 1963.]

JOHN LINDAY, Plaintiff and Respondent, v. AMERICAN PRESIDENT LINES, LTD., Defendant and Appellant.

Lillick, Geary, Wheat, Adams & Charles and Graydon S. Staring for Defendant and Appellant.

Jennings, Haid, Gartland & Tilly and Charles M. Haid, Jr., for Plaintiff and Respondent.

SHOEMAKER, J.—Plaintiff, a seaman, brought this action against his employer, American President Lines, Ltd., to recover for injuries sustained when he was assaulted by a fellow crewmember, one Herbert Suvaco.  The complaint set forth two alternate theories of liability:  (1) that defendant was negligent in signing and retaining the assailant with knowledge of his dangerous disposition; and (2) that the ves-

sel on which plaintiff was employed was rendered unseaworthy by defendant shipowner's failure to furnish crewmembers equal in disposition to ordinary men of their calling.

Defendant answered, and, on the same day, filed a cross-complaint against cross-defendant Herbert Suvaco. The essential allegations of the cross-complaint were that cross-defendant had obtained employment by holding himself out as a capable and satisfactory employee, but had thereafter been guilty of misconduct and breached his contract by committing assault and battery upon plaintiff. Cross-complainant sought indemnity over against cross-defendant for any damages which it might ultimately sustain as a result of plaintiff's injury.

Plaintiff then moved to strike the cross-complaint on the grounds: (1) that it was not asserted in good faith; and (2) that it was asserted for the purpose of prejudicing plaintiff's action. The trial court, after hearing the matter, granted the motion and ordered the cross-complaint stricken. From this order, defendant and cross-complainant appeals.

Code of Civil Procedure, section 442, provides in part as follows: "Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought . . . , he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. . . ."

Respondent's sole argument in support of the order appealed from is that a cross-complaint, even though fulfilling the requirements of Code of Civil Procedure, section 442, may be disallowed if the trial court, in the exercise of its discretion, concludes that prejudice will otherwise result to the plaintiff. Respondent contends, more specifically, that appellant was fully aware, when it filed its cross-complaint, that cross-defendant was an uninsured seaman whose future earnings were at best speculative. Under such circumstances, respondent asserts that appellant had no genuine hope of indemnity, but sought only to prejudice respondent by creating upon the jury the false impression that any verdict in respondent's favor would ultimately be borne by an individual seaman rather than by appellant, a corporation possessing substantial assets. Respondent relies upon two federal district court decisions, *Buchholz* v. *Michigan Motor Freight Lines, Inc.* (E.D. S.D. Mich. 1956) 19 F.R.D. 407; and *Goodhart* v. *United States Lines Co.* (S.D.N.Y. 1960) 26 F.R.D. 163.

An analysis of these decisions is of little real assistance in the present case, since both decisions turned upon the federal impleader statute (Fed. Rules Civ. Proc., rule 14, 28 U.S.C.A.), rather than the applicable California statute (Code Civ. Proc., § 442). In the *Buchholz* case, the trial court refused. to allow a defendant freight company to implead its own driver, but based its decision on the ground that rule 14 did not permit joinder of persons who might also be liable directly to the plaintiff. In addition, the court pointed out that defendant freight company was fully insured, and impleader of a servant was permissible only if there was a possibility that the defendant would suffer actual financial loss as a result of the servant's wrongful act. In the present case, it does not appear of record whether or not appellant was insured. ■ Furthermore, Code of Civil Procedure, section 442, is not so limited as to prohibit joinder of a party who might be directly liable to the plaintiff.

In the *Goodhart* case, the court arrived at its decision to disallow impleader by taking judicial notice of the fact that the employee sought to be impleaded would be financially unable to indemnify the defendant. The California statute governing judicial notice would appear more limited in application (Code. Civ. Proc., § 1875; *Berry* v. *Chaplin* (1946) 74 Cal.App.2d 669, 675-676 [169 P.2d 453]), and the record contains no evidence (other than the statement to that effect in respondent's points and authorities) that cross-defendant Suvaco was lacking in the financial ability to indemnify appellant.

In any event, there is a lack of uniformity in the federal decisions which have dealt with the impleader problem. While impleader was disallowed in the *Buchholz* and *Goodhart* cases, it was permitted in *Codrington* v. *United States Lines Co.* (S.D.N.Y. 1958) 168 F.Supp. 261, and *Rodriguez* v. *United States Lines Co.* (S.D.N.Y. 1960) 181 F.Supp. 95. In the latter two cases, the plaintiffs, as in the present case, were seamen seeking to recover for unprovoked assaults by fellow crewmembers. Defendant shipowners were allowed to implead the attacking crewmembers for the purpose of establishing their right to indemnity.

A review of the federal cases cited by the parties thus indicates only that there is no settled rule as to when impleader should or should not be allowed under rule 14 of the Federal Rules of Civil Procedure. ■ On the other hand, recent California cases construing Code of Civil Procedure, sec-

tion 442, have clearly established that the trial court has no absolute discretion to strike a cross-complaint which fulfills the requirements of that section. In *Roylance* v. *Doelger* (1962) 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535], defendant filed an answer and cross-complaint for declaratory relief. The purpose of the cross-complaint was to establish a right to indemnity from the cross-defendants, who were not parties to the original action. The trial court granted a motion to strike the cross-complaint, but this order was reversed on appeal. ■ In so holding, our Supreme Court expressly rejected the argument that the trial court was entitled to strike a cross-complaint which raised much more complicated issues than those raised by the complaint and answer. The court concluded that the cross-complaint fulfilled all of the requirements of Code of Civil Procedure, section 442, and accordingly ought not to have been stricken, pointing out that in the event the trial court determined that the issues raised by the cross-complaint should be tried separately from those raised by the complaint and answer, the proper procedure was to sever the action pursuant to Code of Civil Procedure, section 1048 (pp. 261-262). (To the same effect, see *Simon Hardware Co.* v. *Pacific Tire etc. Co.* (1962) 199 Cal.App.2d 616, 619 [19 Cal.Rptr. 12].)

The reasoning of the *Roylance* case is clearly controlling of the issues raised by this appeal.

Order reversed.

Kaufman, P. J., and Agee, J., concurred.