**Wyman C. SOX, Administrator of the Estate of Martha Alice Phillips, Plaintiff,**

**v.**

**The HERTZ CORPORATION and Greyhound Lines, Inc., Defendants.**

**Civ. A. No. 66–6.**

United States District Court
D. South Carolina,
Columbia Division.

Jan. 26, 1967.

Francis C. Jones, of Jones & Long, Lexington, S. C., and Mortimer F. Smith, Cayce, S. C., for plaintiff.

Harold Jacobs, of Cooper, Gary, Nexsen & Pruet, Columbia, S. C., for defendant The Hertz Corp.

Turner, Padget, Graham & Laney, Columbia, S. C., for defendant Greyhound Lines, Inc.

### ORDER

HEMPHILL, District Judge.

Defendant Hertz Corporation ·seeks to make itself a third party plaintiff and to bring in Martha E. Phillips as a third party defendant.

Defendant Hertz reasons that Martha E. Phillips was the driver of the Hertz Corporation's automobile at the time of the accident in question; thus the Hertz Corporation could have no liability except through Martha E. Phillips. The Hertz Corporation submits that they

should be able to recover from Martha E. Phillips any sums that they are required to pay out as a result of her agency. Therefore, they argue, Martha E. Phillips should be made a third party defendant in order to avoid a multiplicity of suits.

Counsel for the plaintiff presented to the court an affidavit of Martha E. Phillips, mother of the deceased, wherein she sets forth that she has no assets of any consequence and that her sole means of support is Veterans Administration and Social Security benefits; further, that she had no personal automobile liability insurance coverage at the time of the accident. The affidavit supports the plaintiff's contention that Mrs. Phillips has little or no assets and that she would be in effect only a straw defendant. He urges that the matter is within the sound discretion of the court and that justice would not be furthered by granting such a motion and that the granting of the motion would only serve to confuse the jury and to prejudice the plaintiff's case.

■ It is clear that in South Carolina a plaintiff may elect to sue either of joint tort feasors singly and one defendant cannot defeat this right by seeking to bring in another defendant. Causey v. Burgess, 236 F.Supp. 326 (E.D.S.C. 1964) (Simons, J.). The case presented here is, of course, a different one. The defendant seeks to file a third party complaint against Martha E. Phillips ostensibly in order to prevent having to make a subsequent suit against her for indemnity. The prevention of multiplicity of suits is a factor which must be weighed here against the possible confusion and prejudice that might result should the jury believe that Martha E. Phillips would ultimately be compelled to pay over whatever she might be able to the Hertz Corporation in response to any judgment which they may suffer.

■ In a similar situation the district court for the Southern District of New York refused to allow the impleader of the defendants' servant for indemnity where the servant was financially unable to make indemnity to any substantial extent. Goodhart v. United States Lines Co., 26 F.R.D. 163 (S.D. N.Y.1960). The rationale expounded by that court was that the servant was not able to pay a substantial judgment and that "that jurors will likely render a smaller verdict if they are required to find that an individual employee of defendant is ultimately responsible for its payment." Id. at 164. This case was regarded as being "realistic and persuasive" by Barron & Holtzoff, Federal Practice and Procedure, at § 423 (Wright's edition Supp.1966), but the opinion was expressed there that the result could have been accomplished by permitting the impleader and ordering separate trials under Fed.R.Civ.Proc. 42 (b). The case was decided against the rule previously adhered to in that district, and so declared by the court, but since then its rationale has been accepted. In Smith v. Moore-McCormack Lines, Inc., 31 F.R.D. 239 (S.D.N.Y. 1962), the court restated that " '[s]ound judicial administration suggests that, in the absence of convincing counter-arguments, it would be desirable to maintain a uniform approach and consistent answer to [such] motions * * *.' " But the opinion clearly implied that "evidence of special circumstances raising the possibility of prejudice" would present a different case. This court is of the opinion that such case is presented here. There is a sworn offer of proof that Martha E. Phillips is virtually impecunious. That matter cannot be regarded as a controlling factor of course, for a judgment against her would have intrinsic as well as extrinsic value and in time may become collectible. But when it is also considered that Martha E. Phillips is the mother of the deceased it is readily apparent that these circumstances raise the very real possibility of prejudice feared by the court in *Goodhart*. This is, of course, an even stronger case than an employer's indemnity action against an employee. Impleader, here, would prevent a subsequent and separate indemnity action but that fac-

tor is heavily outweighed by the possibility that the verdict—justice—may be affected in the tort action if the jury is forced to consider that the mother will be liable in the indemnity action. As Professor Wright has noted in the 1966 Supplement to the Barron & Holtzoff treatise, impleader could be allowed and separate trials ordered. Because of the affidavit that Martha E. Phillips has no insurance and little assets it is likely that the procedure of impleader and separate trials would neither be expeditious nor desirable here. If this deduction be in error the defendant may initiate his indemnity action as any other. In these circumstances a third party complaint against Martha E. Phillips would unnecessarily lend confusion and the possibility of prejudice to the tort action and the motion to implead is therefore denied.

And it is so ordered.