Charles W. LANKFORD, Plaintiff,

v.

RYDER TRUCK SYSTEMS, INC., a corporation and Selman Corporation, Inc., Defendants and Third-Party Plaintiffs,

v.

Glenwood FOWLER, Third-Party Defendant.

Civ. A. No. 66–702.

United States District Court
D. South Carolina,
Greenville Division.

Feb. 3, 1967.

Abrams, Bowen & Townes, Greenville, S. C., for plaintiff.

Wesley M. Walker, Robert F. Plaxco, Jr., Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendants and third party plaintiffs.

RUSSELL, District Judge.

The defendants, sued for injuries caused by the alleged negligence and recklessness of their "agent and servant, acting within the scope of his authority", in operating the truck of the defendants, duly filed a third-party complaint under Rule 14, Rules of Civil Procedure, against their alleged agent as a third-party defendant. In such impleader, they prayed that, if any damages should be recovered against them "because of any acts or delicts on the part of Third-Party Defendant imputable to the defendants", they have judgment by way of indemnification over against such third-party defendant. Plaintiff has moved to dismiss such third-party complaint.

█ It will be noted at the outset that the defendants did not implead the third-party defendant as a person who is or may be liable to the plaintiff but as one who might be liable *over to them* (i. e., the defendants) "for whole or part" of the plaintiff's judgment against them. Such claim is anciliary to the original cause of action (Clements v. Modern Maid Packers (D.C.Md.1959) 23 F.R.D. 661, 662) and diversity of citizenship is not required to sustain the impleader, though it may be observed that such diversity does exist between the defendants and the third-party defendant (Foster v. Brown (D.C.Md.1958) 22 F.R.D. 471, 474).

██ The theory on which defendants predicate their claim of indemnity is the right of a master suffering judgment on account of negligence caused by a servant's negligence, to recover over against the servant. Whether such right of "recovery over" exists is controlled by the local law. Bache v. Dixie-Ohio Express Co., (D.C.Ga.1948) 8 F.R.D. 159. That right does exist under the law of

South Carolina. Johnson v. Atlantic Coast Line Railroad Co. et al., 142 S.C. 125, 149, 140 S.E. 443, 448.[1]

 In these circumstances, the right of impleader seems established. As the Court in Ford Motor Co. v. Milby, (C.C.A.Va.1954) 210 F.2d 137, 139, observed, "only very unusual circumstances would justify the court in denying the joinder of one whose negligence is alleged to be the basis of liability of the defendant named, as the joinder would enable the court to dispose of all questions arising out of such negligence in one trial. Other questions which might be brought in by the presence of the third-party need not breed confusion, since the trial judge, under the provisions of rule 42, has it completely within his power to determine what issues shall be tried together and what separately." See, also, Glens Falls Indemnity Co. v. Atlantic Bldg. Corp. (C.C.A.S.C.1952) 199 F.2d 60, 63; Thompson v. American Export Lines (D.C.N.Y.1953) 15 F.R.D. 125, 126; Greenleaf v. Huntingdon & B.T.M.R. & Coal Co., (D.C.Pa.1942) 3 F.R.D. 24; Rodriquez v. United States Lines Company, (D.C.N.Y.1960) 181 F.Supp. 95.

It is true that in Goodhart v. United States Lines Company, (D.C.N.Y.1960) 26 F.R.D. 163, the Court, in a similar case, denied impleader. After taking judicial notice of the financial condition of the third-party defendant, the Court states that, "In seeking the first result defendant, in effect, asks me to give it the advantage of the chance that the jury will proceed upon a false supposition that the hi-lo operator [i. e., the employee] will pay the judgment. In seeking the second result defendant, in effect asks me to help him threaten the hi-lo operator [i. e., the employee] with the necessity of going through bankruptcy unless he testifies favorably to defendant. Neither of these pleas recommends itself to the court's discretion."

To the same effect is Buchholz v. Michigan Motor Freight Lines, (D.C. Mich.1956) 19 F.R.D. 407, though it should be noted that in this case, the objecting plaintiff offered proof of the servant's impecuniousness.

In Smith v. Moore-McCormack Lines, Inc. (D.C.N.Y.1962) 31 F.R.D. 239, however, the Court reviewed the *Goodhart* Case and held that, in such a case as this, "The relative solvency of an individual is not, in these circumstances at least, proper matter for judicial notice of fact" and concluded that, "In the absence of a special showing of potential prejudice, fortified, perhaps, by definite proof that the proposed third-party defendant is impecunious, the better practice would be to permit the joinder of the third-party defendant." pp. 240–241.

 While the Court's conclusion of possible prejudice from the impleader of what the Court in the *Goodhart* Case described as "strawmen defendants" may be persuasive, it would seem that such conclusion should be, as the Court said in the *Smith* Case, based upon "a special showing of potential prejudice, justified * * * by definite proof" of the third-party's financial irresponsibility. In any event, the prejudice could be equally well protected against, as a text-writer has commented, "by allowing impleader and ordering separate trial of the third-party claim". Wright, Handbook of the Law of Federal Courts, 288. This procedure finds countenance in the ruling of Judge Thomsen under Rule 42(b), Federal Rules of Civil Procedure, in Clements v. Modern Maid Packers, supra,

1. The right of indemnity for puntive damages recovered, as distinguished from actual damages, is perhaps questionable under South Carolina law. Thus, in the *Johnson* case, supra, (pp. 152–153, 140 S.E. p. 452) the Court said: "Then too, so far as punitive damages based on willfulness are concerned, there might arise the question whether any principle of public policy would forbid the enforcement of the indemnity." This would not defeat the right of impleader, however, because that right arises if the third-party defendant "is or may be liable * * * for all *or part* of the plaintiff's claim against him (them)." (Italics added)

23 F.D.R. at p. 664, and in the suggestion of the Court in Ford Motor Co. v. Milby, supra.

The motion to dismiss the third-party complaint is accordingly denied, and

It is so ordered.