**Willie BEIGHTS, Plaintiff,**

**United States Fidelity and Guaranty Company, Additional Party Plaintiff,**

v.

**W. R. GRACE & COMPANY, Defendant.**

**The MURPHY–PHOENIX COMPANY, INC., Defendant and Third Party Plaintiff,**

v.

**E. I. DuPONT DeNEMOURS AND COMPANY, Third Party Defendant.**

**Civ. No. 72–192–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Jan. 23, 1974.

---

Melvin F. Pierce, Ben L. Burdick, Andrew M. Coats, Coleman H. Hayes, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The Plaintiff brings this action against the Defendants W. R. Grace & Company (Grace) and The Murphy-Phoenix Company, Inc. (Murphy-Phoenix; for damages for personal injuries received in Plaintiff's use of a product known as lub-adhesive manufactured by Defendant Murphy-Phoenix and sold by Defendant Grace. Plaintiff's action is based on alleged negligence of and breach of express and implied warranties by said Defendants with reference to said product.

Under Rule 14, Federal Rules of Civil Procedure, Defendant Murphy-Phoenix as Third Party Plaintiff filed a Third Party Complaint against E. I. DuPont DeNemours (DuPont) as Third Party Defendant based on indemnity against loss, claiming therein that if said product was defective when used by Plaintiff it was due to the Third Party Defendant's fault by its negligence and breach of implied warranty in the manufacture and furnishing of an ingredient known as chlorophene rubber which was used by Defendant Murphy-Phoenix in the manufacture of said product. The Third Party Defendant filed its Answer to the Third Party Complaint against it and later filed an Amended Answer when the Third Party Complaint was amended.

Rule 14, Federal Rules of Civil Procedure, provides that third party practice is permissible against a third party defendant "who is or may be liable to him (the third party plaintiff) for all or part of plaintiff's claim against him." (the third party plaintiff). Plaintiff has been tendered the opportunity to sue said DuPont as well as Defendants Grace and Murphy-Phoenix by

Andrew L. Hamilton, Jake Hunt, D. C. Thomas, Jack S. Dawson, Oklahoma City, Okl., for plaintiffs.

an Amended Complaint but has declined to do so. Under Oklahoma law any indemnity against loss action of the Third Party Plaintiff against the Third Party Defendant does not arise or accrue until Third Party Plaintiff has been found liable to the Plaintiff and Third Party Plaintiff has satisfied such liability. Chicago, Rock Island & Pacific R. Co. v. Davila, 489 P.2d 760 (Okl.1971). Also see 42 C.J.S. Indemnity § 25, Page 603 and 41 Am.Jur.2d, Para. 32, Page 722. Until and unless these two events occur the Third Party Defendant has no liability in indemnity against loss to the Third Party Plaintiff. Thus, under the applicable law of indemnity against loss the Third Party Defendant is not now liable to the Third Party Plaintiff but it is within the ambit of Rule 14 in that it *may be* liable to the Third Party Plaintiff under indemnity against loss which forms the sole basis for relief in the Third Party Complaint.

Third Party Defendant DuPont filed an Application under Rule 14(a), Federal Rules of Civil Procedure, requesting the Court to separate the third party action from the primary action. In such Application, and at the time it was considered by the Court, the Third Party Defendant DuPont made no objection to the propriety of the Third Party Complaint against it and did not ask that it be dismissed—only that separate trials be ordered. Believing that the entire controversy could be submitted to and be decided by one jury in one proceeding the said Application was denied as shown by the Order of the Court entered herein on May 22, 1973 and by reference made a part hereof.

When the case was pretried the Third Party Defendant raised the matter of the claims of the Third Party Plaintiff against it being barred by an Oklahoma statute of limitations. Briefs were ordered in this connection and were filed by the interested parties. These briefs developed the proposition that as the Third Party Plaintiff's indemnity against loss claim against the Third Party Defendant had not accrued, the applicable limitations statute had not started to run and therefore would not be a bar.

■ The Third Party Defendant then filed herein a Motion to Dismiss the Amended Third Party Complaint, or in the alternative to sever the claim and grant a separate trial. In effect the alternative request was for a reconsideration of the Court's earlier denial of separate trials for the Complaint and Amended Third Party Complaint. The Third Party Plaintiff has responded to this alternative Motion with supporting brief and opposes both motions. Defendant Grace also opposes the Motions. The Plaintiff (and the additional Plaintiff, United States Fidelity & Guaranty Company) do not oppose the Motion for Separate Trials.

■ Under Rule 14 the Third Party Complaint would appear to be authorized and not premature inasmuch as the Third Party Defendant, though not *now* liable to the Third Party Plaintiff for Plaintiff's claim against it, *may be* liable to it in indemnity against loss if Plaintiff succeeds against the Defendant and Third Party Plaintiff, Murphy-Phoenix and it makes satisfaction thereof. Jeub v. B/G Foods, 2 F.R.D. 238 (D. Minn.1942). Yet, under Oklahoma law the Third Party Plaintiff's cause of action against the Third Party Defendant has not yet accrued. It is indeed difficult to fathom going to trial on the Third Party Complaint when the cause of action contained therein has not arisen or accrued when the trial begins. Therefore, in this situation it is concluded that the Third Party Complaint should not be dismissed[1] but more appropriately

---

1. The case of Kantlehner v. United States, 279 F.Supp. 122 (E.D.N.Y.1967) and the dissent in D'Onofrio Construction Company

v. Recon Company, 255 F.2d 904 (First Cir. 1958), relied on by the Third Party Defendant, are not without basis and strong

should be deferred for a separate trial in the Court's discretion as provided by Rules 14(a) and 42(b), Federal Rules of Civil Procedure. Jeub v. B/G Foods, *supra*. The Court concludes that the alternative motion to sever the claims and grant separate trials as between the Complaint and the Amended Third Party Complaint should be granted and the Order of the Court herein to the contrary under date of May 22, 1973 should be recalled and vacated. Hence, in the Court's discretion separate trials should be ordered in the interest of avoiding any prejudice and affording full protection to all parties. Lankford v. Ryder Truck Systems, Inc., 41 F.R.D. 430 (D. S.C.1967).[2]

The first trial will involve Plaintiff's action against the Defendants he has seen fit to sue for his injury and losses. If Plaintiff fails as to Defendant Murphy-Phoenix, the Amended Third Party Complaint fails and this controversy is at an end. If Plaintiff prevails against the Defendant Murphy-Phoenix and it makes satisfaction, then said Defendant and Third Party Plaintiff's indemnity claim against the Third Party Defendant accrues and should be tried. It should be noted that the basic issues of the two separated controversies or trials are essentially different though there may be an overall relationship. Plaintiff's case is a products liability action. The Third Party Plaintiff's case is an indemnity against loss action. This distinction lends support to the Court exercising its discretion under the above Rules and ordering separate trials.

The Third Party Defendant's Motion to Dismiss the Third Party Complaint is overruled. The alternative Motion for separate trials is granted. Separate trials are therefore ordered, the first to be on Plaintiff's Complaint and the defenses of Defendants Grace and Murphy-Phoenix thereto and the second trial, if it arises, on the Amended Third Party Complaint in indemnity against loss and the defenses thereto of the Third Party Defendant.

reasoning. However, allowing third party practice does serve to effect notice of an indemnity claim from indemnitee to indemnitor and gives an indemnitor an opportunity to defend or share in the defense of the original action against his indemnitee if he so desires. See Jennings v. United States, 374 F.2d 983 (Fourth Cir. 1967). And the indemnitor suffers no damage or prejudice when the third party complaint can be deferred by being separated for trial as provided for in Rule 14(a). The cases of Peak Drilling Company v. Halliburton Oil Well Cementing Co., 215 F.2d 368 (Tenth Cir. 1954); Rose v. Chicago, Rock Island and Pacific Railroad Co., 308 F.Supp. 1357 (W.D. Okl.1970) where Third Party Complaints were dismissed are distinguished in that the Third Party Complaints therein were not based on an alleged indemnity relationship, as here, but were situations where no liability existed or could exist between the Third Party Defendant and the Third Party Plaintiff.

2. In this case the propriety of separating trials under Rules 14(a) and 42(b) in a third party practice case was discussed and approved. It appears that the Courts are confronted with some difficulty in following Rule 14(a) as to third party practice in situations where under substantive state law the cause of action has not accrued. But Rule 42(b) comes to the aid of the courts so that Rule 14(a) may be adhered to and at the same time substantive state law not offended by providing for separate and successive trials as necessary in the interest of avoiding any prejudice and affording full protection to all parties.