**WILLIAM F. WILKINS, Plaintiff**

v.

**MASON SHOE MANUFACTURING CO., Defendant and Third-Party Plaintiff**

v.

**OSCEOLA SHOE COMPANY, Third-Party Defendant**

Civil No. 706/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 12, 1980

JAMES L. HYMES, ESQ. (GRUNERT, STOUT, HYMES, MAYER & SMOCK), St. Thomas, V.I., *for plaintiff*

DAVID V. O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant and third-party plaintiff*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

The scope of this court's jurisdiction under the Virgin Islands' long-arm statute, 5 V.I.C. § 4901 et seq. (1967),[1] is at issue, this time in the context of a distributor's third-party complaint against a manufacturer based on an indemnity provision in their contract. The focal point of the court's concern is what minimum contacts are required between the Virgin Islands and a foreign manufacturer before this court can exercise personal jurisdiction over the manufacturer under the Virgin Islands' law. Specifically, the court is asked to find that it has jurisdiction over the third-party defendant Osceola Shoe Company (Osceola), an Arkansas corporation. The defendant and third-party plaintiff Mason Shoe Company (Mason), a Wisconsin corporation, alleges that Osceola contracted to indemnify Mason against claims based on Mason's sale of Osceola products. Osceola contends that the contract and its alleged tortious acts are insufficient to support jurisdiction, and has moved to dismiss.[2] This court agrees and the third-party complaint will be dismissed.

This action was initiated by William Wilkins,[3] who alleged that he ordered and received shoes directly from defendant Mason. One of these shoes allegedly contained a nail that protruded from the shoe's heel and pierced Wilkins' foot. As a result, Wilkins claimed the shoe was defectively designed and manufactured.

Mason has denied making or selling the shoe to Wilkins, contending that, in fact, Osceola manufactured the shoe. According to Mason, Osceola contracted to supply shoes to Mason and warranted that the shoes were fit for consumer use. The contract expressly provided that Osceola shall indemnify Mason for any damages it incurs because of a breach of that warranty.[4]

---

[1] The Virgin Islands long-arm statute is the Uniform Interstate and International Procedure Act, 9B Uniform Laws Annotated § 1.03 (1962), enacted in the Virgin Islands on March 15, 1965.

[2] The motion is founded on Fed. R. Civ. P. 12(b)(2) and is styled as a motion to dismiss for lack of jurisdiction over the person. It is supported by an uncontested affidavit.

[3] According to an admission on file, plaintiff Wilkins died on June 24, 1980. This action continues pursuant to the Virgin Islands' survival statute, 5 V.I.C. § 77 (1967).

[4] These uncontested allegations, made in Mason's answer and third-party complaint, must be taken as true for the purposes of this motion. Jensen v. McInerny, 8 V.I.

The only evidence of any contact between Osceola and the Virgin Islands is the sale of this pair of shoes by Mason. Osceola has no agent or place of business in the Virgin Islands. It does not do or solicit business here, and has no knowledge of any other sales here. If some of its products are sold here, Osceola states that "it would be a very small amount" and that Osceola does not realize any substantial revenue from the sale of its products in the Virgin Islands.[5]

Mason relies on three subsections of the long-arm statute for its assertion of jurisdiction over Osceola. These sections read:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
> . . .
>> (2) contracting to supply services or things in this territory;
>> (3) causing tortious injury by an act or omission in this territory;
>> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this territory;

5 V.I.C. § 4903 (1967).

### Jurisdiction Based on the Contract
### § 4903(a)(2)

Mason states that Osceola contracted to indemnify Mason for any products liability claims arising from the sale of Osceola products.[6] This contract, Mason says, is not limited geographically. Because claims for negligent manufacture could arise wherever Mason sold Osceola's products, Mason contends that a suit in the Virgin Islands was forseeable for Osceola, and therefore is constitutionally permissible. Cf. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 290, 100 S.Ct. 564, 566–67 (1980).

---

338, 299 F.Supp. 1039 (D.V.I. 1969). While Wilkins' complaint alleged that Mason manufactured the shoe, neither Mason nor Osceola disputes the fact that the allegedly defective shoe was made by Osceola.

[5] Osceola makes these allegations in an uncontested affidavit, and they are accepted as true for the purposes of this motion. See note 4, supra.

[6] No authority is cited to show that this *contractual* right of indemnity is ripe in the absence of a judgment against Mason. Cf. United States Lines v. United States, 470 F.2d 487 (5th Cir. 1972), Beights v. W. R. Grace and Company, 62 F.R.D. 546 (W.D. Okla. 1974), and McKee v. Southern Railway, 50 F.R.D. 502, 506 (N.D. Ga. 1970). Because the court concludes that it lacks jurisdiction over Osceola, this issue is not decided.

■ Osceola's contract with Mason, however, fails to provide a basis for jurisdiction under current interpretations of subsection (a)(2) of the long-arm statute, and does not constitutionally support jurisdiction under this subsection. Three requirements for a contract to support jurisdiction under § 4903(a)(2) have been suggested: 1) that the contract be entered into in the Virgin Islands 2) that the goods be shipped to the Virgin Islands and 3) that the action arise out of the contract. Hendrickson v. Reg O Company, Civil No. 1979-245 (D.V.I. May 28, 1980) slip op. at 6–7 Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495, 510 (D.V.I. 1974). The first requirement clearly is not met here because Osceola and Mason neither negotiated nor completed the contract in the Virgin Islands, and Reg O Company, supra, and Norman's on the Waterfront, supra, both state that subsection (a)(2) "can be" interpreted to require three elements. Whether all three requirements are appropriately applied in all contract cases, however, is unclear because the Virgin Islands' long-arm statute has been held to permit the exercise of jurisdiction to the fullest extent of the due process clause of the Constitution. Hendrickson v. Reg O Company, supra; Jensen v. McInerny, 7 V.I. 338, 299 F.Supp. 1309 (D.V.I. 1969). Broadly stated, this means jurisdiction over non-residents may be constitutionally asserted only if "minimum contacts" exist between the non-resident and this jurisdiction so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." World Wide Volkswagen Corp. v. Woodson, supra; International Shoe Co. v. Washington, 326 U.S. 310 (1945); and Hendrickson v. Reg O Company, supra. When the primary contact between the non-resident and the territory is a contract, due process requires only that the contract have a substantial connection with the Virgin Islands. See McGee v. International Life Insurance Company, 355 U.S. 220 (1957). Consequently, a requirement that all three of the above tests must be met in all contract cases may demand more than constitutionally is required.

■ Without deciding whether all three tests must be satisfied, the court finds that jurisdiction cannot be based on the Osceola-Mason contract. In McGee, supra, for example, a Texas life insurance company delivered an insurance contract to a California resident by mail, and the resident mailed his premiums to Texas. The insurance company never solicited or did any other business in California. In a suit on the policy by the beneficiary, the court held that the California courts constitutionally could assert long-arm jurisdic-

tion over the Texas company because "the suit was based on a contract which had substantial connection with that state." 355 U.S. at 233. In this case, however, no substantial contacts exist between the Osceola—Mason contract and the Virgin Islands. Neither of the contracting parties are located within this territory nor was the contract delivered to or consideration paid from the Virgin Islands.

## Jurisdiction Based on Tortious Conduct
### § 4903(a)(3) and (4)

■ There also is no statutory basis for asserting jurisdiction over Osceola based on its alleged tortious acts, either within or outside of the Virgin Islands. Clearly, if Osceola's allegedly defective shoe was designed or manufactured within the territory, jurisdiction could be based on § 4903(a)(3). When the alleged defective shoe design or manufacture occurs in a foreign jurisdiction, though, a "tortious act in this territory" has not been committed. Hendrickson v. Reg O Company, supra, slip op. at 7. See Mooney v. Antilles Airboat, Civil No. 1979 (D.V.I., St. Croix, November 9, 1979). Subsection (3), therefore, does not provide a basis for jurisdiction over Osceola.

■■ Personal jurisdiction over Osceola may be exercised for tortious conduct committed outside of the territory, though, if any of the three requirements of subsection 4 of § 4903(a) are met. A party can be sued in the Virgin Islands for a tort he committed outside the territory if he (1) regularly does or solicits business in this territory; (2) engages in any other persistent course of conduct; or (3) derives substantial revenue from goods used or consumed or services rendered in this territory. 5 V.I.C. § 4903(a) (1967). There is no evidence, however, of any business activity or conduct by Osceola in the Virgin Islands to support jurisdiction under any of these alternatives. To the contrary, Osceola expressly states that it has no known business dealings with the territory. Moreover, the court cannot conclude that Osecola regularly does business here based on the sole sale of one pair of shoes by its distributor.

■ Mason claims that the sale of these shoes is an attempt by Osceola indirectly to serve the Virgin Islands market and that this constitutionally subjects Osceola to long-arm jurisdiction. Assuming that Osceola deliberately sold shoes to a distributor knowing they would be widely marketed, this may be true. Oswalt v. Scripto, Inc., 616 F.2d 191 (5th Cir. 1980); Volkswagenwerk A.G. v. Klippan, 611 P.2d 498 (Alaska 1980). However, the requirements imposed by subsection (a)(4) for tortious conduct committed outside the terri-

tory are more stringent than those required by the due process clause of the Constitution.[7] Mason's constitutional argument, therefore, cannot cure its inability to meet the statutory requirements of subsection (a)(4), and the motion to dismiss the third-party complaint will be granted.

## ORDER

A memorandum opinion was filed on this date by the court. Wherefore, it is

ORDERED that the third-party complaint is dismissed.

---

[7] See Honeywell v. Metz Apparatewerke, 509 F.2d 1137 (7th Cir. 1975) and Consolidated Laboratories v. Shandon Scientific Company, 384 F.2d 797 (7th Cir. 1967). Compare Norman's on the Waterfront, supra, with Columbia Metal Culvert v. Kaiser Industries Corporation, 526 F.2d 724 (3d Cir.). See 42 Pa. Cons. Stat. § 8309 (Supp. 1975), quoted at 526 F.2d 724, 726.