# THE BUCCANEER HOTEL CORPORATION, Plaintiff

## v.

# RELIANCE INTERNATIONAL SALES CORP., Defendant

Civil No. 561/1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

April 8, 1981

DAVID V. O'BRIEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JOHN E. LENAHAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

Defendant has moved this Court for an order granting summary judgment pursuant to 5 V.I.C. App. I Rule 56, on grounds of lack of personal jurisdiction under the Virgin Islands long-arm statute, 5 V.I.C. § 4903[1] and alternatively, under the doctrine of forum non

---

[1] Section 4903 provides that:

conveniens, 5 V.I.C. § 4905. For the reasons set forth below, the Court finds that defendant is subject to personal jurisdiction under subsection (a)(2) and declines to exercise its discretion to dismiss this action under the doctrine of forum non conveniens. Defendant's motion is therefore denied in its entirety.

Plaintiff, The Buccaneer Hotel Corporation ("Buccaneer"), a corporation authorized to do business in the Virgin Islands, is suing defendant, Reliance International Sales Corporation ("Reliance"), a Florida corporation, for damages for breach of contract and breach of warranty, alleging that the paint products purchased from defendant in January 1978 for painting the roof of its hotel were defective. Personal jurisdiction over defendant is premised on subsection (a)(1) and subsection (a)(2) of the long-arm statute. Defendant is not authorized to do business in the Virgin Islands and has no offices, agents, employees or sales representatives here.

Plaintiff ordered the paint by mailing a purchase order to defendant at its home offices in Miami Lakes, Florida, where the order was processed. Arrangements for shipping were made by defendant. Shipment of the goods was made directly to the plaintiff, FOB New York, with defendant delivering the paints to a carrier in New York.

Plaintiff paid defendant the total cost of the product, $7,920.13, presumably by mailing the monies from the Virgin Islands to Miami Lakes, Florida. Soon after the paint was installed on the plaintiff's hotel roof, the paint chalked, disintegrated and washed away, causing plaintiff to file the complaint in this case.

The parties are in conflict regarding the extent of defendant's business activities in the Virgin Islands. According to an affidavit submitted by one of plaintiff's authorized officers, plaintiff has pur-

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in this territory;
(2) contracting to supply services or things in this territory;
(3) causing tortious injury by an act or omission in this territory;
(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
(5) having an interest in, using, or possessing real property in this territory; or
(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him. 5 V.I.C. § 4903 (1967).

chased thousands of dollars worth of products from defendant over the years and defendant and its agents have actively solicited sales from plaintiff and its officers and employees for use in St. Croix. Defendant has not responded to the facts set forth in this affidavit. There is also some confusion as to whether a second corporation called Reliance Universal of Puerto Rico is affiliated or connected in some way with defendant, and whether this corporation's business relationship with, and sales, if any, to, plaintiff are attributable for jurisdictional purposes to defendant.

The issues framed by defendant's motion are several and will be addressed separately: First, whether the purchase of goods by plaintiff from defendant in the manner described herein fulfilled the jurisdictional requirements of either subsection (a)(1) or subsection (a)(2) of Section 4903; second, whether a finding of jurisdiction would violate defendant's constitutional rights to due process; and third, assuming the statutory requirements of the long-arm statute were satisfied and the exercise of in personam jurisdiction over defendant were constitutionally permissible, whether the Court should use its discretion and decline to exercise jurisdiction under forum non conveniens.

### Personal Jurisdiction under Section 4903 (a)(2)

Plaintiff relied in its complaint upon subsection (a)(2) as the basis for personal jurisdiction (though the subsection was not specifically cited), alleging that defendant contracted to supply paint products in this territory and that a cause of action arose from this contract. After reviewing the current state of the law regarding the interpretation of subsection (a)(2), it is clear that the contract entered into by plaintiff and defendant for the sale and shipment of paint to plaintiff in this territory falls within the ambit of this subsection.

The first authoritative interpretation of Section 4903(a)(2) was made by the late Judge Young in Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495 (D.C.V.I. 1974), an anti-trust action against a number of foreign defendants. Judge Young restrictively interpreted the provisions of subsection (a)(2) by stating the section *could* be interpreted to require (1) that the contract be entered into within the territory; (2) that the goods be shipped to this territory; and (3) that the cause of action arise out of the contract (emphasis added.) Hendrickson v. Reg O Co., Civ. No. 79-245 at 6–7 (D.C.V.I. May 28, 1980). Subsequent cases have treated these three requirements as dicta and have not adopted them as mandatory. See, e.g., Wilkins v. Mason Shoe Manufacturing Co., 17 V.I. 138, 142 (Terr.

Ct. St. T. & St. J., 1980); Samuel v. Protane Gas Co. of Puerto Rico, Inc., Civ. No. 77-207 at 5 (D.C.V.I. Nov. 4, 1980); Hendrickson v. Reg O Co., Civ. No. 79-245 at 6–7, and n.4 (D.C.V.I. May 28, 1980). That the judicial trend in this jurisdiction is clearly moving toward a more liberal interpretation of this subsection was evidenced in Wilkins v. Mason Shoe Manufacturing Co., 17 V.I. 138, 142 (Terr. Ct. V.I., Div. of St. Thomas & St. John, 1980), wherein the court, although not deciding the question, recognized that the requirement of all three tests being met in all contract cases "may demand more than constitutionally is required."

■ The Virgin Islands long-arm statute has consistently been construed to authorize the exercise of jurisdiction to the fullest extent permissible under the due process clause. Carty v. Beech Aircraft Corp., Civ. No. 78-96 at 5 (D.C.V.I. Jan. 19, 1981); Protane Gas Co., supra at 5; Hendrickson, supra at 5; Norman's, supra at 503. Pursuant to this mandate, the court in Godfrey v. International Moving Consultants, Inc., Civ. No. 79-188 (D.C.V.I. Dec. 12, 1980), recently expanded the parameters of the Virgin Islands long-arm statute. While noting that subsection (a)(2) has been restrictively interpreted in prior dicta, the court went on to emphasize that this section should be given a more liberal reading so that its reach is "co-extensive with the limits of due process". Id. at 8.

We deem it important, at this point, to address defendant's arguments regarding the inapplicability of subsection (a)(2) to the present contract which are based on the restrictive dicta found in Norman's. Defendant first contends that the contract was not made within the territory. According to defendant, the contract did not form until defendant accepted plaintiff's offer by arranging for the shipment of goods, which offer was accepted at defendant's offices in Florida. Defendant's second contention is that assuming arguendo that subsection (a)(2) could be interpreted to mean that the place of making the contract was irrelevant so long as it involves supplying goods to the territory, jurisdiction would still not be present since title to the goods passed to plaintiff when defendant delivered the goods to a carrier, FOB New York, because risk of loss passed to plaintiff at that point.

Defendant's arguments must be rejected as contrary to both case law and common sense. Although the facts in Godfrey were not identical to those in the proceeding at hand, the Godfrey decision must be looked to as providing authoritative guidelines for the

proper application of subsection (a)(2). Jurisdiction was found in Godfrey over Ocean-Air, a Pennsylvania moving company which had contracted with plaintiffs, St. Thomas residents, to move their belongings from St. Thomas to Africa via New York. The court relied upon the fact that Ocean-Air had subcontracted with a St. Thomas moving corporation to move plaintiffs' goods from St. Thomas, to find that moving services had consequently been performed, in part, in the Virgin Islands by defendant's agent, i.e. the St. Thomas company. Although damage to plaintiffs' possessions occurred in New Jersey as a result of a fire in a storage warehouse, the court nevertheless ruled that plaintiffs' cause of action arose out of defendant's improper performance of the services it contracted to provide.

■ The only requirement of subsection (a)(2) then, as enunciated in Godfrey, is that the contract be performed, at least in part, in the Virgin Islands and that the cause of action arise out of the contract.[2] Id. at 8–9.

■ Both plaintiff and defendant in the present instance obviously contemplated that defendant would supply the goods to, and plaintiff would receive the goods in, the Virgin Islands and send payment to defendant from the Virgin Islands. Applying the Godfrey test to the instant facts, the Court finds that the contract for defendant to sell paint to plaintiff was performed, at least in part, in the Virgin Islands and that plaintiff's breach of warranty and breach of contract causes of action arose out of the alleged defectiveness of the paint, thereby bringing this case within the jurisdictional province of subsection (a)(2). See, e.g., Samuel v. Protane Gas Co. of Puerto Rico, Civ. No. 77-207 at 5 (D.C.V.I. Nov. 4, 1980) (subsection (a)(2) inapplicable absent *intention* in the contract between plaintiff and defendant to supply goods to the Virgin Islands).

■ Defendant's argument that because the shipment of paint was FOB New York, title passed in New York and not the Virgin Islands is unacceptable for two reasons. First, the shipping terms, FOB New York, are irrelevant since the defendant made arrangements for the shipment, was fully aware that the ultimate destination of the goods was the Virgin Islands and knew the paint was being shipped directly to plaintiff without passing through an intervening dealer. Electro-Craft Corp. v. Maxwell Electronics

---

[2] The test for jurisdiction formulated under subsection (a)(2) as set forth in Godfrey has subsequently been applied in Carty v. Beech Aircraft Corp., Civ. No. 78-96 at 9 (D.C.V.I. Jan. 19, 1981).

Corp., 417 F.2d 365, 369 (8th Cir. 1969). The shipping terms are merely a method for designating which of the parties will bear the cost of shipping and the risk of loss. Kornfuehrer v. Philadelphia Bindery, Inc., 240 F. Supp. 157, 160 n.4 (D. Minn. 1965). Defendant chose the method of shipment and presumably would have changed the method, had plaintiff so requested. It is this Court's decided opinion that defendant should not be allowed to disclaim supplying goods to the Virgin Islands because of a simple method of shipment. For example, in Hebron Brick Co. v. Robinson Brick and Tile Co., 234 N.W. 2d 250 (N.D. 1975), a breach of warranty action brought by a North Dakota dealer against a Colorado company for defective bricks, the North Dakota court held that defendant could not avoid the jurisdiction of North Dakota simply be structuring the delivery terms of its contract to transfer ownership of the bricks to a dealer in Colorado.

Second, the Court calls defendant's attention to the precise wording of the subsection which bases jurisdiction on a contract *"to supply"* services or things and points out that the verb "supply", rather than "deliver" or "ship", was selected as a basis for jurisdiction by the drafters of the statute. There is no question that defendant "supplied" goods to the Virgin Islands.

Plaintiff was a resident buyer, conducted negotiations for the purchase of goods of substantial value and made payment from the Virgin Islands. Although the goods were shipped FOB New York, the defendant made the arrangements for shipment and knew the goods were being shipped directly to plaintiff in the Virgin Islands. There is no question that the contract was performed, at least in part, in the Virgin Islands and that the causes of action, breach of contract and warranty based on the paint being defective, arose from the contract.

### Personal Jurisdiction under Section 4903(a)(1)

Personal jurisdiction based on subsection (a)(1) is raised for the first time by plaintiff in its opposing papers to defendant's motion for summary judgment. As a result of pretrial discovery, plaintiff located one or more documents which allegedly indicate a previous long standing business relationship between the parties and the regular transaction of business by defendant or its agents in the Virgin Islands.

Because plaintiff has predicated jurisdiction in its complaint on subsection (a)(2) and because this Court has determined that jurisdiction has been established thereunder, the Court finds it unneces-

256

sary to decide if the contacts alleged are sufficient to constitute the transaction of business under subsection(a)(1). However, I think that a brief discussion of the possible application of this statute to the facts at bar will prove helpful.

■ Subsection (a)(1) had been construed to require a defendant "to engage in some type of purposeful activity in the territory". Hendrickson, supra at 6. See, also Samuel v. Protane Gas Co. of Puerto Rico, Inc., Civ. No. 77-207 at 5 (D.C.V.I. Nov. 4, 1980) (lack of any direct connection of defendant TPG with the Virgin Islands vitiated finding of jurisdiction under subsection (a)(1) where TPG sold gas tank to a third party in Puerto Rico which in turn supplied gas to plaintiff in St. Croix). In Hendrickson, a personal injury action for damages, the court determined that the non-resident manufacturer of the alleged defective gas valve did not transact business here. As the basis for its decision the court mentioned that defendant had no salesmen, offices or agents in the Virgin Islands, but also relied heavily on the fact that plaintiffs provided no evidence that defendant entered into contracts here or that the direct sales were destination contracts with delivery in the Virgin Islands. Had such evidence been presented, it appears the court may well have found jurisdiction.

■ The criteria enunciated in Hendrickson were later applied in Carty v. Beech Aircraft Corp., Civ. No. 78-96 (D.C.V.I. Jan. 19, 1981), a personal injury action, wherein the court reached the same conclusion as that reached in Hendrickson, because Beech, the defendant aircraft manufacturer, had no salesmen or other representatives in the Virgin Islands and because Beech did not enter into contracts here or enter into destination contracts with delivery to be made in the Virgin Islands. One may read these two decisions to mean that the requirements of (a)(1) could be met if a contract with delivery in the Virgin Islands (such as the contract between Buccaneer and Reliance) was entered into in these islands.

■ Significantly, the Godfrey decision recently expanded the limits of jurisdiction by finding that defendant transacted business within the meaning of subsection (a)(1), even though the contract which defendant moving company made with plaintiffs to move plaintiffs' possessions from the Virgin Islands appeared to be its first and only contact with this territory. The Godfrey result, which was reached because the court treated the St. Thomas contractor as an agent of defendant, might well support a finding of jurisdiction in this case since the defendant in Godfrey did not even have actual

direct contact with the Virgin Islands, as did Reliance, by virtue of the shipment of its goods directly to the Virgin Islands. In addition, the Godfrey court explicitly stated that a *single* act can constitute the transaction of business within the territory. Godfrey, supra at 6.

The Court takes this opportunity to note that if a business relationship did, in fact, exist between plaintiff and defendant with defendant consistently selling and delivering its products to plaintiff over a course of time, it could find that jurisdiction under subsection (a)(1) had been conferred. The Court also recognizes, but does not go so far to hold, that under the rationale of recent decisions in this jurisdiction, it would not be outside the reach of this court to determine that Reliance "transacted business" within the meaning of subsection (a)(1) by virtue of the single contract with plaintiff for the supplying of paint goods to the Virgin Islands. However, the Court does not go so far as to make that decision.

### Due Process

█ In addition to finding that there is adequate statutory basis for personal jurisdiction over defendant, the Court must also decide that the exercise of such jurisdiction complies with all due process requirements. The standards for the satisfaction of due process were set forth in International Shoe Co. v. Washington, 362 U.S. 310 (1945), by the Supreme Court which ruled that in personam jurisdiction could be exercised over a defendant which had sufficient minimal contacts with the forum so that "the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice' ". Id. at 316, quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940).

██ Defendant's due process rights are not violated when the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Dencla, 357 U.S. 235, 253 (1958). It has been said that the concept of "minimal contacts" between defendant and the forum protects defendant against the hardship of litigating in a distant or inconvenient forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

As the twentieth century has progressed, courts have recognized that sophisticated technology has had a radical impact on American society, and has greatly reduced the possibility that defendant will be inconvenienced or burdened by defending in a foreign forum. In McGee v. International Life Insurance Co., 355 U.S. 220 (1957), the U.S. Supreme Court pointed out that

258

"Today many commercial transactions touch two or more states and may involve parties separated by the full continent. . . . At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity."

Id. at 222–23.

██ With these principles in mind, it is not unreasonable to find that defendant had the necessary minimal contacts with the territory, insofar as it voluntarily and knowingly made a contract with plaintiff to supply goods in this territory and purposely availed itself of the benefits and privileges of this jurisdiction. Defendant should "reasonably anticipate" then that a cause of action arising from its contact with the Virgin Islands, would result in its "being haled into court there". World-Wide Volkswagen, supra at 297.

Defendant will not be subjected to any real hardship by defending this suit in the Virgin Islands due to the proximity of Florida to St. Croix. We also note that defendant is a corporate entity rather than an individual and presumably is in a financial position to travel to the Virgin Islands.

██ ██ Finally, because the Virgin Islands are comprised of islands and depend, in large part, on the various states for supplies and goods, it is in the interest of this Court to ensure that its residents are provided with a local forum for redress of their grievances, rather than being forced to litigate in the various home states of their suppliers. McGee, supra at 223. Suppliers who sell to, and derive revenues from, these islands thereby have invoked the benefits of this jurisdiction.

The Court therefore holds that the exercise of personal jurisdiction over Reliance is in accord with due process and does not violate defendant's constitutional rights.

### Forum Non Conveniens

Defendant also requests that the action be dismissed under the doctrine of forum non conveniens. Section 4905 provides that:

"When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

5 V.I.C. § 4905 (1967).

█ It is well settled that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). See also, Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F.Supp. 441, 446 (E.D. Pa. 1973) (plaintiff's place of business and place of complained-of transaction given great weight). Significantly, this jurisdiction has recently ruled that dismissal will be rare where plaintiff is a citizen of the forum. Godfrey, supra at 18–19.

█ Defendant, as the moving party, has the burden to establish there should be a change of forum, Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), cert. denied, 440 U.S. 908 (1979), and where the plaintiff resides in the forum the burden is a heavy one. See, e.g., Leaks v. Ex-lax, Inc., 424 F.Supp. 413, 417 (D.D.C. 1976).

Because of the geographical proximity of Florida, defendant's place of business, to St. Croix, I am not of the opinion that defendant will be greatly inconvenienced by having to defend in this jurisdiction. Moreover, assuming there were to be any inconvenience, transfer or dismissal in this instance would merely shift the inconvenience to plaintiff. Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F.Supp. 441, 446 (E.D. Pa. 1973). Thus, defendant has not satisfied its burden of showing that this action should be heard in another forum.

█ Since plaintiff is a resident corporation of the Virgin Islands and the cause of action arose here and because there are public policy considerations which make it important that the case be heard in this jurisdiction, the Court will not exercise its discretion to dismiss this action under the doctrine of forum non conveniens.

### Conclusion

In summary, I hold that defendant is subject to personal jurisdiction under subsection (a)(2) of 5 V.I.C. § 4903, the Virgin Islands long-arm statute, and find that the application of such statute does not violate defendant's rights to due process.

Finally, I decline to dismiss the action under the doctrine of forum non conveniens.

Accordingly, defendant's motion for summary judgment is denied.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED, that defendant's motion to dismiss for summary judgment be, and the same hereby is, DENIED in its entirety.