George **MILLER**, individually and on behalf of Satcom Enterprises

v.

Russell W. **JONES**, Russell W. Jones & Assoc., and Megatrend Telecommunications, Inc.

**Misc. No. 5:91–5X (JAC).**

United States District Court,
D. Connecticut.

Nov, 6, 1991.

---

Daniel Shepro, Willinger, Shepro, Tower, & Bucci, P.C., Bridgeport, Conn., for petitioner Megatrend Telecommunications, Inc.

Ernest C. Lafollette, Fairfield, Conn., for respondent George Miller.

## RULING ON PETITIONER MEGATREND TELECOMMUNICATIONS, INC.'S MOTION TO REOPEN JUDGMENT

JOSÉ A. CABRANES, District Judge:

Petitioner Megatrend Telecommunications, Inc., ("Megatrend") has initiated these proceedings in the District of Connecticut seeking to have set aside a default judgment entered against it by the District Court of the Virgin Islands [1] and registered in this Court for execution. Megatrend contends that the judgment is void because the District Court of the Virgin Islands lacked personal jurisdiction over it in the underlying contract action in which Megatrend declined to appear. For the reasons stated below, Megatrend's Motion to Reopen Judgment (filed Mar. 5, 1991) is denied.

### BACKGROUND

The facts in the underlying action are not fully developed, as is understandable given the fact that none of the defendants responded to the Complaint. However, some discovery has been taken in connection with this motion, and the record discloses the following. Megatrend, a defendant in the Virgin Islands action, is a manufacturer and distributor of telephone systems based in Fairfield, Connecticut. Megatrend's co-defendant is Russell W. Jones, who in matters relating to this case did business as Russell W. Jones & Assoc. (collectively "Jones"), and who is a sometime dealer in telephone equipment in the Virgin Islands, where he resides. Respondent and plaintiff is George Marshall Miller ("Miller"), allegedly a former partner of Jones in a venture called Satcom Enterprises and, like Jones, a resident of the Virgin Islands.

The Complaint in the underlying Virgin Islands case ("the Complaint") was duly served on Megatrend on October 1, 1990, *see* Judgment by Default, Civil No. 284/1990 (D.V.I.1990) (filed Nov. 26, 1990), and

---

1. The District Court of the Virgin Islands "is not a United States District Court established under Article III of the United States Constitution, but is instead a creation of Congress pursuant to Article IV's grant of power to govern the territories of the United States." *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057 (3d Cir.1982).

has been appended to respondent's Memorandum in Opposition to Defendant's 60(b)(4) Motion to Reopen (filed Mar. 18, 1991) ("Memorandum in Opposition"), Ex. A. The Complaint alleges that Miller and Jones formed a partnership called Satcom Enterprises for the purpose of engaging in the acquisition, sale, leasing, rental, and installation of telephone and electrical equipment. Complaint ¶ 9. The Complaint also alleges that Miller paid $22,000 to Jones for the purpose of purchasing 20 cordless pay telephone units from Megatrend. *Id.*, ¶¶ 9, 12. Megatrend allegedly promised to supply the phones but did not do so as promised. *Id.* ¶ 13. The Complaint further alleges that Miller has not been refunded the $22,000 as promised by Megatrend and Jones. *Id.* ¶ 14. Count I of the Complaint sounds in promissory estoppel against both Jones and Megatrend, and Count II alleges that Miller and Satcom Enterprises were third-party beneficiaries of any contract between Jones and Megatrend. The remaining counts are directed against Jones alone and are not relevant to these proceedings.

In the affidavit of one its officers, Megatrend has admitted to at least some commercial relations with Jones. Specifically, Megatrend admits that upon Jones' order it sent 5 telephone systems to Jones in the Virgin Islands in August 1989; that on Jones' order it sent an additional 21 phone systems to Jones in the Virgin Islands beginning in January 1990; that certain phones were exchanged by Jones with Megatrend for alternate versions; that Jones called Megatrend several times in 1989 and 1990 to change software features of the phone systems; that Megatrend corresponded with Jones by mail and facsimile transmission; and that Jones paid Megatrend a total of $24,206.35 for its phone systems. Affidavit of Alan D. Wittstein (filed Mar. 5, 1991) ("Wittstein Affidavit"), ¶¶ 2, 7, 11. Megatrend does not have an office in the Virgin Islands and denies having had any other contact with the Virgin Islands other than that outlined above. *Id.* ¶¶ 4, 5, 12.

At deposition, Jones indicated that in 1989 and 1990 he had ordered a total of about 46 phone systems from Megatrend, but that Megatrend had delivered only 22, and that Jones had sought a refund from Megatrend for the undelivered phones. Deposition of Russell W. Jones (filed May 22, 1991) ("Jones Deposition") at 9–10, 13. Of the 22 phones shipped, Jones testified that he returned 10 to Megatrend for upgrades, and that Megatrend did upgrade the phones and return them to him. *Id.* at 14–15. Jones also testified that he expected Megatrend would refund the money for the undelivered phones. Jones further testified that he had indeed formed a partnership with Miller called Satcom Enterprises, in which partnership Miller would provide the money to pay for the phones and Jones would act as technician and installer. *Id.* at 18–19.

Jones' testimony arguably calls into question the allegation of the Complaint that Megatrend *promised* to make a refund, in that Jones testified only that in response to his requests Megatrend had not categorically *refused* to make a refund in the future. *Id.* at 31. Some of Jones' testimony is loosely corroborated by written exhibits, such as letters from Megatrend to Jones describing its products, *see id.*, Exs. 4–5, and letters from Jones to Megatrend complaining about a failure to deliver ordered phones, *id.* Ex. 6.

Miller argues that Megatrend actually made Jones a distributor of Megatrend, and has introduced a facsimile transmission from Megatrend to Jones referring to a Virgin Islands "dealership." Memorandum in Opposition, Ex. B. Miller has also introduced the affidavit of a Virgin Islands resident to the effect that in conversations with Megatrend officers he referred to Jones as Megatrend's dealer or distributor and that Megatrend did not protest that characterization. Memorandum in Opposition, Ex. J (Affidavit of Neville Prosper). However, at deposition Jones stated that although he expected that he would become a dealer for Megatrend if he was able to meet a certain sales level, Megatrend never entered a contract with Jones making him a dealer, and was never contractually obligated to refer sales in the Virgin Islands to

him. Jones Deposition at 11–12. For its part, Megatrend flatly denies any agency agreement with Jones or anyone else in the Virgin Islands. Wittstein Affidavit, ¶¶ 5–6.

Although from the outset of this litigation Megatrend opined to Miller that personal jurisdiction over it was lacking in the Virgin Islands, *see* Memorandum in Opposition, Ex. C (letter from Daniel Shepro to George Marshall Miller dated November 8, 1990), it decided not to defend the action or contest personal jurisdiction in the District Court there because of the expense of litigating in the Virgin Islands. Memorandum in Support of Court Having Jurisdiction to Hear Motion to Reopen Judgment (filed Mar. 13, 1991) at 2. The District Court of the Virgin Islands entered a default judgment against Jones and Megatrend in the amount of $22,000 plus interest, costs, and attorneys' fees, *see* Judgment by Default, Civil No. 284/1990 (D.V.I.1990) (filed Nov. 26, 1991). On January 28, 1991, Miller registered that judgment in the District of Connecticut. *See* 28 U.S.C. § 1963.

Megatrend now moves to have the judgment set aside pursuant to Fed.Rule Civ.P. 60(b)(4) ("Rule 60(b)(4)")[2] It argues that the judgment entered against it in the Virgin Islands is void because the District Court there lacked personal jurisdiction over it. Megatrend contends that its contacts with the Virgin Islands did not satisfy the governing Virgin Islands long-arm statute, V.I.Code Ann. tit. 5, § 4903, and alternatively that even if the Virgin Islands long-arm statute was met, personal jurisdiction was lacking under the Due Process Clause, U.S. Const., amend. XIV, § 1.

## DISCUSSION

■ Unlike other motions under Rule 60(b), a motion to set aside a judgment pursuant to Rule 60(b)(4) does not require the existence of a meritorious defense. *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730, 733 n. 3 (2d Cir.1980). Where the defendant seeking relief from a

judgment has not appeared in the court rendering judgment, the court of registration may find facts and set aside the judgment as void for lack of personal jurisdiction over the defendant in the original action. *Id.* at 733–34. As noted, Megatrend argues that personal jurisdiction was lacking, and has submitted an affidavit of one of its officers to the effect that it has had only limited contact with the Virgin Islands.

■ A threshold question asks which party bears the burden of proving personal jurisdiction over Megatrend in the Virgin Islands. On this point there is a divergence of authority, with a few district court opinions holding that the burden never shifts from the plaintiff to prove personal jurisdiction. *See Donnely v. Copeland Intra Lenses, Inc.*, 87 F.R.D. 80, 85 (E.D.N.Y.1980); *Rockwell International Corp. v. KND Corp.*, 83 F.R.D. 556, 559 n. 1 (N.D.Tex.1979); *DiCesare–Engler Productions, Inc. v. Mainman, Ltd.*, 81 F.R.D. 703, 705 (W.D.Pa.1979). However, the only Court of Appeals to address the issue has concluded that where a defendant has been served in an underlying action but declines to appear, the defendant bears the burden of proving an absence of personal jurisdiction in any subsequent collateral attack on the judgment. *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986), *citing Rohm & Haas Co. v. Aries*, 103 F.R.D. 541, 544 (S.D.N.Y.1984); *see also International Housing Limited v. Rafidain Bank Iraq*, 712 F.Supp. 1112, 1114 (S.D.N.Y.1989) (following *Bally Export*). This latter rule not only is supported by more significant authority, but also is the better reasoned of the two, reflecting as it does the concerns of comity among the district courts of the United States, the interest in resolving disputes in a single judicial proceeding, the interest of the plaintiff in the choice of forum, and the fear of prejudice against a plaintiff who, owing to delay, might in subsequent collateral proceedings no longer have evidence of personal jurisdiction that existed at the

**2.** Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (4) the judgment is void...."

time of the underlying suit. *Cf. Rohm & Haas*, 103 F.R.D. at 543 (discussing concerns in Rule 60(b) relief generally).

Thus placing the burden of proof on Megatrend, I conclude that Megatrend has not borne its burden of showing a lack of personal jurisdiction. This is not to say that the court endorses respondent's theory that Megatrend had appointed Jones its distributor and agent in the Virgin Islands, and that it was therefore "transacting business" within the meaning of the Virgin Islands long-arm statute, V.I. Code Ann., tit. 5, § 4903(a)(1). Jones' own deposition testimony negated the existence of an actual contract of agency, and respondent has not submitted evidence to support an "apparent authority" theory. It is doubtful that Megatrend's activities in the Virgin Islands would support so-called "general jurisdiction" there—that is, personal jurisdiction over Megatrend in a suit unrelated to its Virgin Islands contacts.

But Megatrend admits that it sold telephone systems to Jones on at least two occasions. Megatrend's general denial of contractual relations other than those specified in the Wittstein Affidavit is insufficient to overcome Jones' testimony that Megatrend promised to supply more phones than it delivered, and Jones' letters complaining of delay in shipment. The Wittstein Affidavit itself hints at delays in delivery of at least some of the phones in that it indicates that Megatrend "began" delivery of one order of phones in January, 1990. Wittstein Affidavit, ¶ 7(c). In light of Megatrend's burden of proof and the scant record before me, for jurisdictional purposes the court must assume the existence of a contract by Megatrend to sell phones to Jones as alleged in the Complaint.

The Virgin Islands long-arm statute expressly provides that "contracting to supply services or things in this territory" will establish personal jurisdiction over a party in the Virgin Islands. V.I. Code Ann. tit. 5, § 4903(a)(2).[3] Megatrend concedes that "Jones arguably could invoke personal jurisdiction over the defendant Megatrend for some imagined claims...." Supplemental Memorandum in Support of Motion to Reopen Pursuant to Rule 60(b)(4) (filed April 2, 1991) ("Petitioner's Memorandum") at 13. Indeed, the proposition is more than arguable. "The only requirement of subsection (a)(2) [of V.I.Code Ann. tit. 5, § 4903] then ... is that the contract be performed at least in part in the Virgin Islands and that the cause of action arise out of the contract." *The Buccaneer Hotel Corporation v. Reliance International Sales Corp.*, 17 V.I. 249, 254 (Terr.Ct.1981) (single contract to sell paint for delivery in the Virgin Islands supported personal jurisdiction over foreign corporation in suit on the contract). Furthermore, personal jurisdiction over Megatrend in an action by Jones on the contract—that is, "specific jurisdiction"—would fully comport with the constitutional requirements of Due Process. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (where foreign insurer had single contract with insured in California, personal jurisdiction of California courts satisfied Due Process in suit on insurance contract).

Megatrend emphasizes that any contract was with Jones, not Miller, and asserts that personal jurisdiction analysis regarding hypothetical claims on the contract against Megatrend by Jones must differ from an analysis relating to claims by Miller and Satcom Enterprises. The factual premise of this contention is not clear, inasmuch as the Complaint alleged, and Jones testified, that Jones had formed a partnership with Miller called Satcom Enterprises. As a partner, Jones may have contracted with Megatrend on behalf of Satcom Enterprises, on whose behalf Miller brought suit.

---

**3.** Because Megatrend is deemed to have contracted to supply goods to the Virgin Islands, it is not necessary to address the disagreement of the parties over whether the Virgin Islands personal jurisdiction statute is to be construed so as to permit personal jurisdiction as broad as that permitted by the Due Process Clause. *Cf. The Buccaneer Hotel Corporation v. Reliance International Sales Corp.*, 17 V.I. 249, 254 (Terr.Ct. 1981) (scope of personal jurisdiction in the Virgin Islands extends to outer limits permitted by Due Process clause), with *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1058–59 & n. 8 (3d Cir. 1982) (personal jurisdiction in the Virgin Islands must be supported by specific text of long-arm statute).

In any event, Miller could assert personal jurisdiction as a third-party beneficiary of the contract, as alleged in Count II of the Complaint. In a footnote in its brief, *see* Petitioner's Memorandum at 11, Megatrend *en passant* asserts that the personal jurisdiction analysis must differ if the plaintiff is the third-party beneficiary rather than the contracting party. This theory is incorrect. Neither the principles of personal jurisdiction nor the case law support a distinction here between the invocation of the forum by a contracting party and by a third-party beneficiary. The focus in personal jurisdiction is on the activity of the *defendant* in the forum jurisdiction; that is, whether the defendant has purposely availed itself of the forum's laws and could reasonably expect to be haled into court there. As noted, by reaching out to contract with Jones in the Virgin Islands, Megatrend availed itself of Virgin Islands law and could have been sued there on the contract. The fact that the plaintiff here is Miller, not Jones, works no *jurisdictional* prejudice against Megatrend. The case law from other jurisdictions provides numerous examples of successful invocation of personal jurisdiction over foreign corporations by third-party beneficiaries in suits arising out of the contracts involved. *See, e.g., Mariner v. Hyatt Corp.,* 1990 WL 192482, 1990 U.S. Dist. LEXIS 16570 (D.Hawaii) (contract between plaintiff's Hawaii-based employer and Tahitian defendant sufficiently related to alleged tort in Tahiti so as to provide basis for personal jurisdiction in Hawaii); *Payne v. Mutual Fire and Automobile Ins. Co.,* 381 N.W.2d 523 (Minn.Ct.App.1986) (in direct action against insurer, tort victim of insured could invoke personal jurisdiction over foreign insurer in Minnesota because insurance contract contemplated insured's use of car in Minnesota); *Chace v. Dorcy International,* 1991 WL 21259, **2–10, 1991 Ohio App. LEXIS 752, **6–16, jurisdictional motions dismissed, 61 Ohio St.3d 1427, 575 N.E.2d 215 (Ohio 1991) (Ohio courts had personal jurisdiction over foreign insurer in products liability direct action against insurer arising out of insurer's contract to insure sellers of merchandise in Ohio). Nor is there any constitutional merit to petitioner's contention that a third-party beneficiary may not invoke personal jurisdiction even though the contracting party could. *See McGee, supra* (party invoking jurisdiction over foreign insurer on insurance contract was named beneficiary, not the insured).

The single case cited by Megatrend in support of its theory, *Martin & Martin v. Jones,* 616 F.Supp. 339, 343 (S.D.Miss. 1985), is distinguishable, as is the case on which it relied, *Johnson v. Warnaco, Inc.,* 426 F.Supp. 44, 47 (S.D.Miss.1976). In both of these cases, the party seeking to assert personal jurisdiction contended, as here, that it was a third-party beneficiary of a contract made by others. But in each case, the party that actually made the contract would not have been able to assert personal jurisdiction over the defendant in the forum invoked because the defendant's contacts had not been with that forum. Here there is little question that Jones could have asserted personal jurisdiction over Megatrend in the Virgin Islands in a suit over the contract to sell the phones.

It is possible that the facts, once developed, would not sustain the allegations of Count II of the Complaint that Miller and Satcom Enterprises were third-party beneficiaries of a contract between Jones and Megatrend. However, these contentions go not to personal jurisdiction, but to the merits, and should have been, and perhaps possibly still could be, addressed to the District Court of the Virgin Islands. *See Moore's Federal Practice* ¶ 60.28[1] (1991); *Indian Head National Bank v. Brunelle,* 689 F.2d 245 (1st Cir.1982) (court of registration should not entertain challenges to a default judgment neither based on a lack of personal jurisdiction nor effectively constituting an independent equitable action).

### CONCLUSION

For the reasons stated above, petitioner Megatrend, Inc.'s Motion to Reopen Judgment (filed Mar. 5, 1991) is DENIED.

It is so ordered.